**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 4, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-30968
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NINA SUE BROYLES,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CR-35-ALL

Before GARWOOD, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

Nina Sue Broyles appeals her guilty-plea conviction and
sentence for conspiracy to make false statements in violation of 18
U.S.C. §§ 371 and 1001. Broyles was charged by and plead guilty to
one count of a bill of information and was sentenced to thirty-
three months' imprisonment and three years' supervised release.

Broyles now asserts that the district court erred in denying

---

*Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her presenting motion to withdraw her guilty plea, that the appeal-waiver provision contained in the plea agreement was invalid, and that she received ineffective assistance of counsel.

Broyles's main contention on this appeal is that her guilty plea was not knowing and voluntary because of misrepresentations made by the Government. Broyles's plea agreement put her on notice that she could receive up to five years' imprisonment and stated that there was no agreement between Broyles and the United States as to the actual sentence that would be imposed by the court. Broyles signed the agreement, which included a statement that she fully understood the agreement. Broyles also informed the district court at arraignment that no one had made her any promises to entice her to plead guilty. Unfulfilled expectations of a lighter sentence do not constitute a fair and just reason for allowing withdrawal of a guilty plea. *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). The remaining factors we consider under Federal Rule of Criminal Procedure 32(e) also do not favor withdrawal of Broyles's guilty plea. Considering the totality of the circumstances, Broyles did not clearly establish a fair and just reason for withdrawing her guilty plea. *See* FED. R. CRIM. P. 32(e); *United States v. Brewster*, 137 F.3d 853, 857–58 (5th Cir. 1998). We therefore conclude that the district court did not abuse its discretion in denying Broyles's motion to withdraw her guilty plea. *See Brewster*, 137 F.3d at 857.

2

Broyles also raises several sentencing issues.  As part of her plea agreement, however, Broyles agreed to waive her right to appeal her sentence except in two limited circumstances, namely, in the case of a sentence that exceeded the statutory maximum, or in the case of an upward departure from the applicable guidelines as determined by the district court.  Neither of those circumstances are present here.  The record indicates that Broyles's waiver of her right to appeal her sentence in her plea agreement was knowing and voluntary and, therefore, enforceable.  *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).

Broyles also argues that she received ineffective assistance of counsel during the (post-plea) presentencing and the sentencing phases of her case.  A knowing and voluntary waiver of appeal, however, also bars claims of ineffective assistance of counsel at sentencing.  *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).  Because Broyles does not directly allege (and did not below) that any ineffective assistance of counsel affected the plea or the plea agreement, she is barred by the provisions of her plea agreement from raising, on direct appeal, any claim of ineffectiveness of counsel in connection with her sentence.  *See id*.  Moreover, even if she were not so barred, Broyles's claim of ineffective assistance of counsel cannot be resolved on direct appeal since it was not first raised in the district court.  *United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991).  The district

3

court did not make any factual findings regarding allegations of ineffective assistance at sentencing, and analysis of these claims would require speculation by this court as to the reasons for counsel's alleged acts and omissions. *See United States v. Kizzee*, 150 F.3d 497, 503 (5th Cir. 1998). Broyles's waiver of her right to appeal, however, did not expressly extend to waiving her right to petition for a writ of habeas corpus or for relief under 28 U.S.C. § 2255. *Cf. White*, 307 F.3d at 337. We therefore decline to reach the merits of Broyles's ineffective assistance of counsel claim, but do so without prejudice to whatever right, if any, she may have (an issue we do not resolve) to present this matter to the district court via a motion under 28 U.S.C. § 2255. *See United States v. Route*, 104 F.3d 59, 64-65 (5th Cir. 1997).

AFFIRMED.

4