IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

───────────────

No. 00-11392

───────────────


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

    versus

    KEVIN WHITE,

                              Defendant-Appellant.


───────────────

Appeal from the United States District Court
for the Northern District of Texas

───────────────

September 23, 2002


Before GARWOOD, DeMOSS, and DENNIS, Circuit Judges.

GARWOOD, Circuit Judge:

    Kevin White appeals the district court's denial of his 28
U.S.C. § 2255 petition challenging his 1996 cocaine conspiracy
sentence.  We affirm.

    White argues that his attorney failed to challenge the
quantity of drugs used in sentencing him and allowed him to be
sentenced under a different statute than the one named in the

indictment, thus constituting ineffective assistance of counsel. He further argues that this ineffective assistance justifies resentencing despite the otherwise valid waiver of appeal contained in his plea agreement. Because ineffective assistance of counsel claims only survive a waiver of appeal if they directly relate to the voluntariness of the waiver, and because White does not challenge the validity of his plea, we affirm.

**Background**

From late 1994 through 1995, Kevin White and twelve associates bought cocaine and cocaine base in Houston, concealed it in a spare tire, and then drove it to Wichita Falls where they converted most of the cocaine to cocaine base. The group would then sell the cocaine and cocaine base in Wichita Falls. This scheme came to an end when a grand jury returned a fourteen-count indictment against them on November 15, 1995. Count one charged White *et al.* with conspiracy to distribute cocaine base in excess of one kilogram, to possess cocaine base in excess of one kilogram with intent to distribute, and to possess cocaine with intent to distribute, all in violation of 21 U.S.C. § 846. Count One also parenthetically mentions 21 U.S.C. § 841(a)(1) to indicate the predicate crime of the conspiracy charge. The indictment did not expressly indicate the appropriate punishment range under 21 U.S.C. § 841(b), but count one includes quantities of cocaine base "over one kilogram"

2

as part of the charged offense.  Moreover, the overt acts alleged in count one include nearly 700 grams of cocaine base and over three kilograms of cocaine as well as other actions involving unnamed amounts of cocaine base.  In addition to the count one conspiracy charge, White was also charged in counts four and five with possession of 35 grams and 32.5 grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).  White was arrested the day after the indictment was returned.

On January 31, 1996, White signed a plea agreement under which he pleaded guilty to the conspiracy charge in return for the dismissal of the two possession with intent to distribute charges. The plea agreement described the referenced conspiracy charge as a violation of 21 U.S.C. § 846 based on "conspiracy to possess with intent to distribute cocaine base" without citing the predicate statute or the quantity of drugs.  The agreement stated the penalty range was ten years to life imprisonment—the sentencing range applicable to offenses charged under 21 U.S.C. § 841(b)(1)(A).  The plea agreement also contained a waiver of the right to appeal, expressly including a waiver of White's right to challenge his sentence under 28 U.S.C. § 2255.  Only three potential arguments were excepted from the waiver: White could challenge a sentence in excess of the statutory maximum, an upward departure from the applicable guideline range, and the disparate treatment of cocaine

3

and cocaine base in the statute.  At the same time he signed the agreement, White signed the factual resume, which described the charged offense and alleged that White joined in transporting and selling cocaine base but makes no reference to any particular quantity of drugs.

The plea agreement was accepted by the district court at a hearing held on February 5, 1996.  At the hearing, White agreed that he had read count one of the indictment, that he understood he was pleading guilty to that count, and that the applicable sentencing range was ten years to life.  When the prosecution summarized the indictment and the factual resume, however, the prosecutor said that White had been charged with conspiracy "in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii)."  This was apparently the first and only time that 21 U.S.C. § 841(b)(1)(B) was mentioned in this case in connection with the conspiracy charge.  White agreed with the facts as read aloud and pleaded guilty.

At the sentencing hearing on April 15, 1996, White's attorney challenged the presentence report because it connected more than 1.5 kilograms of cocaine base to White, thus raising the base offense level used in the sentencing guideline calculations.  White first argued that the government had entrapped him to sell a higher quantity of drugs than he would have sold of his own volition, but the court thought otherwise and overruled this objection.  White's

4

attorney then argued that the drug quantity information came from coconspirators and rendered the report unreliable. When questioned by the court, White conceded that he may have sold three-quarters to one kilogram of cocaine base but denied that the quantity was in excess of one and a half kilograms. The district court overruled the objection and found that the facts supported a reasonable finding that the quantity of drugs would be far in excess of one and a half kilograms. This relevant conduct (along with the deduction for acceptance of responsibility) led to a total offense level of 36, or a range of 188-235 months of incarceration. The court imposed the minimum sentence of 188 months, which fell within each of the statutory sentence ranges in 21 U.S.C. § 841(b)(1).

On direct appeal, White challenged both the disparity between the statutory sentences for cocaine and cocaine base and the court's decision to overrule his sentencing entrapment argument. This court, in an unpublished opinion, affirmed the first point based on circuit precedent and refused to address the second claim because of his waiver of appeal. *See United States v. White*, No. 96-10489 (5th Cir. April 17, 1997) (unpublished). White's petition for certiorari in the Supreme Court was denied on October 6, 1997.

On September 16, 1998, White filed *pro se* the instant section 2255 motion to vacate, set aside, or reduce his sentence based on the government's failure to provide DEA lab reports establishing the quantity of drugs. He claimed that this absence of proof

5

constituted "new evidence" compelling a new sentencing hearing and also alleged that he received ineffective assistance of counsel because his attorney failed to point out this shortcoming. White's only response to the waiver of appeal was to claim that enforcement of the waiver would be a "manifest miscarriage of justice." In an opinion issued October 10, 2000, the district court found that the waiver language in the plea agreement was clear and unambiguous and that White had knowingly and voluntarily waived those rights. Because waivers of appeal are enforceable under those conditions, the district court denied White's section 2255 motion.

White then filed a notice of appeal and petition for certificate of appealability ("COA"). In his COA petition, White asserted for the first time that his attorney was deficient for allowing the government to convict him under 21 U.S.C. § 841(b)(1)(A) while both the plea agreement and factual resume allegedly required that he be sentenced under section 841(b)(1)(B). He added that his waiver could not be knowing and voluntary under those circumstances. The district court denied the COA on December 6, 2000, citing the prior findings of fact and holding that White had not made a substantial showing of the denial of a federal constitutional right.

White appealed the petition for COA to this court. In his brief in support of that appeal, White inexplicably connected the statute cited in counts four and five of the indictment ("21 U.S.C.

6

§ 841(a)(1) and (b)(1)(B)(iii)") with the conspiracy charged in count one ("21 U.S.C. § 846" and, parenthetically, "§ 841(a)(1)") and argued that he was charged under section 841(b)(1)(B) but sentenced under section 841(b)(1)(A). For this reason, White argued, his sentence was illegal and his attorney was incompetent for allowing the error. He also possibly argued that the same problem rendered his waiver of appeal involuntary and unknowing, although the argument was couched in terms of the ineffective assistance of counsel. In an order dated May 2, 2001, this court "liberally construed" White's brief as challenging whether his waiver of appeal was valid and granted him a COA on that issue.

## Analysis

### I.  The Nature of White's Claim

Having granted a certificate of appealability on the validity of his waiver of appeal,[1] we must first make sense of White's ineffective assistance of counsel arguments. To begin, we note that a defendant can waive his right to file a section 2255 motion, although such a waiver might not apply to an ineffective assistance of counsel claim. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). We also note that a defendant may always avoid a

---

[1]  Because this court may only review the issue on which the certificate of appealability was granted, we disregard the other arguments in White's briefs. *See Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). We also will not reach the merits of his claim of ineffective assistance of counsel at sentencing.

waiver on the limited grounds that the waiver of appeal itself was tainted by the ineffective assistance of counsel. *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). White's ineffective assistance of counsel argument therefore might proceed down either of two avenues. On the one hand, he may argue that the ineffective assistance of his counsel rendered his waiver involuntary. On the other hand, he may argue that he received ineffective assistance of counsel at his sentencing and that all ineffective assistance of counsel arguments are immune from waiver.

Having sifted through the petitioner's *pro se* briefs, we are satisfied that White does not argue that ineffective assistance of counsel rendered his waiver involuntary. He spends the majority of his briefs arguing the ineffective assistance of his counsel based on his attorney's actions at the sentencing hearing. In fact, White makes it clear at the conclusion of his reply brief that he does not challenge the validity of his plea but merely the propriety of his sentencing. Nevertheless, White does argue at one point that because he was allegedly charged under section 841(b)(1)(B) but sentenced under section 841(b)(1)(A), his waiver could not be knowingly or intelligently made. He also argues that his attorney "induced" him to sign the plea agreement based on this misrepresentation.

Two factors indicate that White never meant to challenge the validity of his plea, however. First, White made these assertions

8

as part of his larger argument. White follows the above assertions not with a claim that the above alleged error was reason enough to overturn his sentence on its own, but rather with an argument that ties those alleged factors to his counsel's ineffectual performance at the sentencing hearing. The clearest reading of White's argument is therefore that he is only challenging his sentencing and not his plea. This reading is supported by White's unequivocal statement at the end of the reply brief.

Second, White's argument cannot be connected to his plea without degenerating into nonsense. Neither count one of the indictment nor the factual resume charges White with a violation of section 841(b)(1)(B); White has again relied upon the statute cited in counts four and five instead of the text of count one. White stated under oath that count one of the indictment was correct, which connects him to the "more than one kilogram of cocaine" alleged in that count. This admission not only casts doubt on his later assertion that he should be held accountable to a lesser quantity of drugs, but it also prevents the application of any sentencing statute other than section 841(b)(1)(A). *See* 21 U.S.C. § 841(b)(1)(A)(iii) (providing penalties for fifty grams or more of cocaine base). White then acknowledged, both in writing in the plea agreement and orally at the plea hearing, that he was agreeing to be sentenced within a range of ten years to life. That sentence is imposed for a violation of section 841(b)(1)(A). While the

prosecutor later incorrectly orally stated at the plea hearing that White was charged under section 841(b)(1)(B)(iii), White had already made these sworn admissions. White doesn't even mention the prosecutor's error or include it in his record excerpts, indicating that this cannot be the source of his claim of error. Instead, White openly refers to the text of counts four and five. Finally, we note that the sentence actually imposed was well within the statutory limits for even the smallest quantity of cocaine base, and the district court was within its power when it looked at relevant conduct to assign the quantity of drugs within those statutory ranges. *See United States v. Doggett*, 230 F.3d 160, 165 (5th Cir. 2000). Thus, even if White were arguing that this statutory confusion was somehow connected to the plea and rendered his waiver involuntary, that argument would be facially meritless and unsupported by the record.

We therefore understand White's appeal as asserting that he received ineffective assistance of counsel at his sentencing hearing. His explicit waiver of appeal bars this claim unless ineffective assistance of counsel claims cannot be waived. Accordingly, we turn to that question.

## II. Waiver of Ineffective Assistance of Counsel Claims

This circuit has not yet decided whether all ineffective assistance of counsel claims survive a valid waiver of appeal, although we have outlined the boundaries of the question. In

10

*United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994), this court held that an informed and voluntary waiver of the right to file a 28 U.S.C. § 2255 motion will be enforced.  At the same time, we joined the Ninth Circuit in musing (in *dictum*) that ineffective assistance of counsel claims may be an exception to that rule.  *Id*. (citing *United States v. Abarca*, 985 F.2d 1012 (9th Cir. 1993)).  The following year, in *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), we held that a waiver of appeal may not be enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered *that waiver* unknowing or involuntary.[2]  Thus, *Wilkes* and *Henderson* provide answers to the somewhat-simpler questions that lie to either side of the present case.

This circuit has not yet decided, however, whether the *Henderson* rule extends to the full reach of the *Wilkes dictum*.  That is, we have not yet decided whether a waiver of appeal remains valid if the section 2255 movant argues that he received ineffective assistance of counsel at stages of the proceedings *other than* the plea or waiver itself.  While we affirmed without opinion the district court's decision to enforce such a waiver in

---

[2]Apart from ineffective assistance of counsel claims, we have held that a waiver of appeal in a plea agreement will not be enforced to bar direct appeal where the appellant correctly contends that the indictment clearly does not state an offense and/or where the factual basis for the plea reflected in the Fed. R. Crim. P. 11(f) proceedings clearly does not show commission of the offense. *See United States v. Spruill*, 292 F.3d 207, 215 (5th Cir. 2002).  Nothing like that is involved in the present case.

11

*United States v. Flunker*, No. CRIM. A. 98-75, 2000 WL 823469 (E.D. La. 2000), that decision lacks precedential force. We do not venture into unexplored territory, however. Our sister circuits have addressed the instant question and all have concluded that waivers of appeal remain valid unless the ineffective assistance directly related to the knowing, voluntary nature of the waiver. We turn first to those cases, and then to our own decision on the matter.

a.  *Other Circuit Decisions*

The first court to address the question was the Ninth Circuit. In *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994), the court reiterated that a plea agreement could not waive a claim of ineffective assistance of counsel based on "counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain," but distinguished the defendant's case because he was only claiming ineffective assistance of counsel at the sentencing proceedings. *Id*. at 433. The court did not develop this distinction, however, because the waiver of appeal did not expressly include section 2255 motions and thus could not be enforced anyway. *Id*. Nevertheless, this *dictum* suggested that the ineffective-assistance-of-counsel exception to waivers of appeal would be limited to those cases directly implicating the waiver.

The first case to actually enforce a waiver in circumstances

12

similar to the instant case was *United States v. Djelevic*, 161 F.3d 104 (2nd Cir. 1998). In that case, before the court on direct appeal, the defendant argued that his claims of ineffective assistance of counsel at sentencing could not have been waived. The Second Circuit "emphatically reject[ed] this contention." *Id*. at 107. Because the defendant did not claim that his waiver was unknowing or involuntary, the court characterized his appeal as nothing more than an attempt to challenge the correctness of his sentence under the Sentencing Guidelines despite his explicit waiver of such challenges. *Id*. The court feared that allowing this argument to prevail would permit all challenges to the sentence to be reconstituted as "ineffective assistance" challenges based on the attorney's failure to obtain the desired result. The ensuing litigation would render the waiver meaningless. *Id*. The *Djelevic* court accordingly enforced the waiver.

Later that year, the Seventh Circuit issued the first opinion to reach the same result in the context of section 2255. In *Jones v. United States*, 167 F.3d 1142 (7th Cir. 1998), the court allowed a defendant to overcome a waiver and argue ineffective assistance of counsel in a section 2255 motion because the defendant alleged he received ineffective assistance in the negotiation of the agreement itself. *Id*. at 1145. The court compared that situation to cases where a waiver was procured through coercion or intimidation, in which it is "intuitive" that the waiver should not

13

be enforced.  *Id*.  The *Jones* court was careful to limit its holding, however.  "Mindful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."  *Id*.  The Seventh Circuit put teeth into that aside in *Mason v. United States*, 211 F.3d 1065 (7th Cir. 2000), in which the court held that the defendant's ineffective assistance claim merely challenged his attorney's performance at sentencing.  The *Mason* court applied the *Jones dictum* and enforced the waiver.[3]

Perhaps the most thorough analysis of the present problem appears in *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001).  In *Cockerham*, the defendant alleged in his section 2255 motion that he received ineffective assistance of counsel because his attorney had permitted the government to use insufficient evidence to convict and sentence him. *Id*. at 1181.  The government responded by relying on the waiver of appeal contained in his plea agreement.  *Id*.  Because the Tenth Circuit had never explicitly dealt with waiver of the right to file a section 2255 motion, the court began with that issue.  After a thorough review of the case

---

[3] We also note that the Eighth Circuit reached the same result as *Jones* in *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000), with similar *dicta* limiting the scope of the holding, but that court has not yet been called upon to enforce that limitation.

law, the court held that waivers of the right to file a collateral appeal were permitted if knowing and voluntary, and if the sentence was not imposed on an impermissible ground such as race. *Id*. at 1182. Moving on to the question of whether ineffective assistance claims survive such a waiver, the court examined *Jones* and *Mason* in depth along with several district court cases and observed that the courts had generally distinguished between ineffective assistance affecting the plea agreement and ineffective assistance relating to some other part of the proceedings. *Id*. at 1184-86. Nevertheless, the *Cockerham* court felt that these courts had not "adequately explained why they make this distinction." *Id*. at 1186.

The *Cockerham* court supplied that explanation by incorporating the holding and reasoning of *United States v. Broce*, 109 S.Ct. 757 (1989). In *Broce*, which concerned the ability of defendants who pleaded guilty to collaterally attack their sentences on double jeopardy grounds, the Court explained that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *Broce*, 109 S.Ct. at 762. This was because "a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *Id*. The Court noted that an ineffective assistance of counsel claim might survive a plea of guilty if the

15

ineffective assistance was failure to provide competent advice on how to plead, but held that the defendants were not entitled to collateral relief because they did not "call[] into question the voluntary and intelligent character of their pleas." *Id.* at 765.

The Tenth Circuit applied the *Broce* holding and reasoning to waivers of appeal. Because a voluntary plea of guilty was enough to sustain the conviction, the *Cockerham* court reasoned, an ineffective assistance of counsel claim could only survive waiver if it challenged the validity of the plea or the waiver. *Cockerham*, 237 F.3d at 1187. The court then proceeded to examine whether the defendant had argued that the ineffective assistance of counsel related to the validity of the plea and remanded for further factfinding.

Finally, we note that the Sixth Circuit has followed suit. In *Davila v. United States*, 258 F.3d 448 (6th Cir. 2001), the court cited the above cases and held that a claim of ineffective assistance of counsel cannot survive a knowing, voluntary and intelligent waiver. *Id.* at 451. The court's ultimate holding depended on the fact that the district court had painstakingly explained the waiver to the defendant (who was an attorney), but we also note that the defendant was claiming ineffective assistance at sentencing.

b. *The Present Case*

We will follow this wealth of authority and hold that an

16

ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself. We agree with *Jones* and *Mason* that an impermissible boot-strapping arises where a waiver is sought to be enforced to bar a claim that the waiver itself–or the plea agreement of which it was a part--was unknowing or involuntary. This court addressed that problem in *Henderson*. Where the movant's claim does not involve that sort of boot-strapping, however, we see no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. *See United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). The Sixth Amendment right to effective assistance of counsel may also be waived, and thus need not be treated any differently. *See Johnson v. Zerbst*, 58 S.Ct. 1019, 1023 (1938).

We also agree with the *Cockerham* court that *Broce* suggests the result we reach today. We ask whether the plea or waiver itself was knowing and voluntary, and whether the issue challenged on appeal may properly be the subject of waiver.[4] If the answer to

---

[4] We note that White explicitly preserved the right to appeal a sentence in excess of the statutory maximum, and that his sentence was well within the statutory limits. Because the issue is not before us, we need not decide whether a waiver of appeal would be enforced where the sentence facially (or perhaps indisputably) exceeds the statutory limits. See also note 2, *supra*.

both questions is "yes," then the guilty plea sustains the conviction and sentence and the waiver can be enforced.

Finally, we agree with *Djelevic* that the opposite result would render waivers of appeal meaningless. If all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result. A knowing and intelligent waiver should not be so easily evaded.

White claims ineffective assistance of counsel, but he does not claim that the waiver in his plea agreement was unknowing or involuntary. That plea required White to forego his right to relief in appeals just like this one, and he knew that when he signed it. We will therefore hold him to his word and affirm the district court's denial of his section 2255 motion.

AFFIRMED

18

Dennis, Circuit Judge, dissenting:

As I disagree that a person can make an intelligent, knowing waiver of the right to contest constitutional violations before the violations occur, I respectfully dissent.  As the Fourth Circuit observed,  "[A] defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court."  *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).  Rather, "a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations."  *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994).  Therefore, a defendant should not be able to waive his right to appeal constitutional violations when he lacks the fundamental ability to be aware of their existence because they have not yet occurred.  *See United States v. Melancon*, 972 F.2d 566, 572 (5th Cir. 1992)(Parker, Judge Robert, concurring)(A "right can not come into existence until after the judge pronounces sentence; it is only then that the defendant knows what errors ... exist to be appealed, or waived.")

In addition, while a number of claims might ultimately lack merit, the majority's approach creates the opportunity for the systematic denial of a defendant's constitutional rights.  If a

defendant cannot maintain the right to challenge constitutional violations that occur during sentencing, then the other parties to the sentencing lose a powerful incentive to safeguard these rights.

For these reasons, I would reverse and remand for consideration of the defendant's claims of constitutional violations during sentencing.