**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 3, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20509
Summary Calendar
_____

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

                     versus

ARMANDO PENA, JR.,

       Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-142-35
_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Armando Pena, Jr., appeals his sentence following his guilty-plea conviction for conspiracy to possess with intent to distribute marijuana, a violation of 21 U.S.C. §§ 846 and 841(b), and the denial of his motion to withdraw his guilty plea. Pena was sentenced to 360 months in prison and five years of supervised release.

---

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pena's plea agreement contained a provision by which he waived his right to appeal his sentence and "the manner in which it was determined." The Government has filed a motion to dismiss the appeal on the basis of this waiver.

Pena argues that the district court abused its discretion in denying his motion to withdraw his guilty plea, apparently on the grounds that there was a four-year delay in sentencing and that the factual basis for the plea was insufficient. Although Pena waived his right to appeal his sentence as part of his plea, such a waiver is enforceable only if the plea agreement itself is valid.[1] Pena has not established that, in denying his motion to withdraw, the district court abused its discretion; it is not clear that any of the seven factors discussed in *United States v. Carr*[2] supported the withdrawal of his guilty plea.[3]

Pena's contention that the factual basis offered by the Government was insufficient to support his guilty plea is meritless. That factual basis showed that there was an agreement to possess marijuana with intent to distribute, that Pena knew of the agreement, that he voluntarily participated in the agreement,

---

[1] *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

[2] 740 F.2d 339, 343-44 (5th Cir. 1984).

[3] *See United States v. Bounds*, 943 F.2d 541, 543 (5th Cir. 1991).

and that the agreement involved more than 1,000 kilograms of marijuana.[4]

Pena's remaining contentions regard the computation of his sentence under the Sentencing Guidelines and various procedural matters concerning sentencing. Pena does not suggest that the waiver provision in the plea agreement was not knowing and voluntary. Because Pena entered his plea knowingly and voluntarily, and the factual basis supporting it is sufficient, the waiver of appeal is sustained.[5] Pena's contentions regarding his sentence and the manner in which it was determined are precluded by the waiver, and we therefore do not consider those arguments.

The judgment of the district court is AFFIRMED. The Government's motion to dismiss is DENIED as unnecessary.

---

[4] *See United States v. DeLeon*, 247 F.3d 593, 596 (5th Cir. 2001).

[5] *See United States v. Melancon*, 972 F.2d 566, 568 (5th Cir. 1992).