**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-30583
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC DEWAYNE HARGRAVE, also
known as Black, also known
as Ceddie, also known as Ced,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Middle District of Louisiana
(00-CR-52-1-C)

---

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Cedric Dewayne Hargrave appeals the denial of his motion to withdraw his guilty plea and his sentence following his guilty-plea conviction of conspiracy to possess with intent to distribute cocaine, distribution of cocaine, laundering of monetary instruments, and unlawful use of a communications facility.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The ruling on a motion to withdraw a guilty plea is reviewed only for abuse of discretion. *E.g., **United States v. Bounds***, 943 F.2d 541, 543 (5th Cir. 1991). Hargrave contends that the district court abused its discretion in denying his motion because it was only after the plea was entered that the defense learned of facts that would substantially increase his sentence. Although Hargrave waived his right to appeal his sentence (with certain exceptions) as part of his plea, that waiver is enforceable, of course, only if the plea agreement is valid. *See **United States v. White***, 307 F.3d 336, 343 (5th Cir. 2002).

In denying the motion to withdraw, the district court considered the seven factors found in **United States v. Carr**, 740 F.2d 339, 343-44 (5th Cir. 1984), *cert. denied*, 471 U.S. 1004 (1985), and concluded that the plea agreement was valid. Hargrave has not shown that the court abused its discretion.

Hargrave also contends that the district court failed to address the basis of his motion to withdraw, *i.e.*, that the plea was not knowingly and voluntarily entered because there was no meeting of the minds during the plea negotiations. The knowing and voluntary factor is one of those the district court considered. After hearing extensive testimony on what transpired during the plea negotiations, the district court determined that the plea was knowing and voluntary because: Hargrave repeatedly indicated that he understood the legal principles that the court explained to him;

his education level and business acumen; and his above-average intelligence. The district court also found it had been explained to Hargrave that: his actual sentence would be determined by the Sentencing Guidelines; anything anyone had told him about the effect of the Guidelines only represented his or her best estimate of the effect of the Guidelines; and the determination of the sentence would be by the court. Hargrave has not shown that his plea was not knowing and voluntary.

Hargrave also maintains that his sentence was excessive because the district court should have sustained his objections to the presentence report and that the fine, penalty, and fees should be vacated. Hargrave does not assert that the waiver provision in the plea agreement was not knowing and voluntary but only that the plea agreement itself was not valid. Because Hargrave entered his plea knowingly and voluntarily, the waiver of appeal is sustained. *See* **White**, 307 F.3d at 343-44. Hargrave's contention regarding his sentence is not one of the subjects excepted from the appeal-waiver and is thus barred.

*AFFIRMED*