United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20374
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CLIFFORD ROY TATUM,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-02-CR-241-2)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Clifford Roy Tatum appeals from his guilty-plea conviction for conspiracy to possess with intent to distribute more than 50 grams of a mixture containing cocaine base and from his resulting sentence of 327 months' imprisonment, followed by five years' supervised release.  We denied Tatum's court-appointed counsel's motion to withdraw and directed him to brief whether Tatum's waiver of his right to appeal or to collaterally attack the plea, conviction, and sentence was knowing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and voluntary; and whether the district court admonished Tatum regarding the waiver provision as required by Federal Rule of Criminal Procedure 11.  No other issues are raised.

Tatum has not shown that any Rule 11 violation by the district court amounted to plain error or that his waiver was not knowing and voluntary.  See United States v. Dominquez Benitez, 124 S. Ct. 2333 (2004); United States v. Portillo, 18 F.3d 290 (5th Cir. 1994).  We need not address at this time whether a particular issue Tatum might attempt to raise in a post-conviction proceeding could be the proper subject of waiver.  See United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).

AFFIRMED.