IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 28, 2007

Charles R. Fulbruge III
Clerk

No. 05-51388
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUBY BOHANNON WILLIAMS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CV-206
USDC No. 6:03-CR-262-1

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit
Judges

PER CURIAM:[*]

Ruby Bohannon Williams, federal prisoner # 35931-180, appeals the
district court's denial of her 28 U.S.C. § 2255 motion challenging her conviction
and sentence for conspiracy to distribute methamphetamine. This court granted
Williams a certificate of appealability only on the issue whether her counsel was
ineffective for not filing a notice of appeal at her request. The district court
rejected this claim on the ground that it was barred by the appeal waiver in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Williams's plea agreement. The Government additionally argues that Williams's counsel was not ineffective even if he didn't file a notice of appeal at Williams's request because all of the issues Williams sought to raise in a direct appeal were barred by the appeal waiver.

As the appeal waiver in the plea agreement specifically excepted ineffective assistance of counsel claims, Williams's claim was not barred by the appeal waiver. See United States v. White, 307 F.3d 336, 343 n.4 (5th Cir. 2002) (acknowledging defendant's ability to exclude specific claims from appeal waiver). The Government's alternative argument is also without merit as the failure to file a requested notice of appeal is per se ineffective assistance of counsel even if a direct appeal would be barred by an appeal waiver. See United States v. Tapp, 491 F.3d 263, 265-66 (5th Cir. 2007). As the district court did not make a factual determination whether Williams's counsel failed to file a requested notice of appeal, we vacate the judgment of the district court and remand for a factual determination on this issue.

VACATED AND REMANDED.