# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2008

Charles R. Fulbruge III
Clerk

No. 06-41527
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN CARLOS FLORES,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CR-71-2

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Flores appeals his guilty-plea conviction and sentence for conspiracy to distribute or dispense or possess with intent to distribute more than five kilograms of cocaine. Flores argues that his guilty plea was not informed and voluntary because he was induced into signing a plea agreement by his counsel's erroneous representations concerning the term of imprisonment to which Flores likely would be sentenced. Flores further argues that district court erred in its determination of the amount of controlled substances

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attributable to him for sentencing purposes and in its application of sentencing enhancements based on the involvement of a dangerous weapon and the importation of methamphetamine.

Flores pleaded guilty pursuant to a plea agreement that contained an appeal waiver, which bars consideration of all challenges to his conviction and sentence and precludes Flores from contesting his sentence in any post-conviction proceeding. Flores reserved the right to appeal any punishment imposed in excess of the statutory maximum and a claim of ineffective assistance of counsel that affected the validity of the appeal waiver. The Government seeks to enforce the waiver and has filed a motion to dismiss based on the waiver-of-appeal provision in Flores's plea agreement.

A defendant may waive his statutory right to appeal his sentence if the waiver is knowing and voluntary. United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005). The record demonstrates that Flores understood his right to appeal and knowingly and voluntarily waived that right. United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994). Therefore, the appeal waiver bars consideration of Flores's claims. See Bond, 414 F.3d at 544.

Flores nevertheless contends that ineffective assistance of counsel rendered invalid his guilty plea and the appeal waiver provision. Although ineffective assistance of counsel claims challenging the plea and waiver themselves survive the waiver, see United States v. White, 307 F.3d 336, 343 (5th Cir. 2002), we ordinarily will not address such claims for the first time on direct appeal where they were not sufficiently developed in the trial court. United States v. Lampazianie, 251 F.3d 519, 527 (5th Cir. 2001). This is not the rare case where the record allows a fair evaluation of the claim's merits. See United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992). Flores is not precluded from bringing a 28 U.S.C. § 2255 motion challenging the validity of his guilty plea and appeal waiver on the basis of ineffective assistance of counsel. See White, 307 F.3d at 343.

Accordingly, the judgment of the district court is affirmed. The Government's motion to dismiss the appeal is denied.

AFFIRMED; MOTION DENIED