**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-30933
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DARYL W DAVIS

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CR-60-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Daryl W. Davis appeals the denial of his motion to withdraw his plea of guilty to possession with intent to distribute five kilograms or more of cocaine. He contends that his plea and waiver of appeal were not knowing and voluntary in light of Drug Enforcement Administration (DEA) reports, not provided at the time of his plea, that would have undermined the credibility of confidential informants (CIs) and resulted in the suppression of evidence. The Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that this claim is barred by a valid waiver of appeal because it is merely a convoluted attempt to reopen the suppression issue.

We assume without deciding that Davis's plea withdrawal claim challenges the validity of the appeal waiver and is thus not waived. *See United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002). Regardless of the waiver, Davis's underlying claim entitles him to no relief.

After a plea is accepted, the district court may allow withdrawal of the plea if "the defendant can show a fair and just reason." FED. R. CRIM. P. 11(d)(2)(B). A district court's denial of a motion to withdraw a guilty plea is afforded "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984).

The DEA reports added nothing significant to the suppression issue concerning the reliability of the CIs. During hearings on the motion to suppress, ample evidence was adduced that the CIs were drug traffickers and that at least one of them was "working off" some criminal charges. The district court expressed a clear understanding of Davis's argument concerning the suppression issue and the validity of the plea, and the court rejected that argument by denying Davis's motion. In addition, insofar as the DEA reports suggested a minor inaccuracy in the stipulated factual basis for the guilty plea, that inaccuracy did not reflect upon the reliability of the CIs and failed even to show that the drug quantity used for sentencing was clearly erroneous.

The district court did not abuse its discretion by denying Davis's motion to withdraw his plea. *See Carr*, 740 F.2d at 344. The judgment is AFFIRMED.