**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-50552
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE LUIS LOPEZ-ALFONSO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CR-1890-1

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Lopez-Alfonso (Lopez) pleaded guilty pursuant to a written plea agreement to knowingly and intentionally importing 50 kilograms or more of marijuana. Over four months after the district court accepted Lopez's plea, he moved to withdraw his guilty plea so that he could plead guilty to the indictment, which also charged Lopez with possession with intent to distribute 50 kilograms or more of marijuana. The district court denied the motion.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lopez argues that the district court erred in denying his motion to withdraw his guilty plea. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). Lopez concedes that he has not asserted his innocence, and he did not file the motion until over four months after the date that the plea agreement was signed and the rearraignment was held. Lopez had the assistance of counsel during his guilty plea proceedings, as Lopez acknowledged in open court during his rearraignment. Lopez has not identified any deviation from Federal Rule of Criminal Procedure 11 by the district court or otherwise challenged the validity of his guilty plea. *See Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002).

Finally, withdrawal of Lopez's plea would likely have involved the district court in subsequent proceedings, but, on the other hand, withdrawal could have saved judicial resources from being expended on an otherwise likely 28 U.S.C. § 2255 motion. Because all of the relevant factors weigh in favor of the Government, except for two that are more or less in equipoise, Lopez has not established that the district court abused his discretion in denying his motion to withdraw his plea. *See Powell*, 354 F.3d at 370; *see also United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir.1984).

As part of his plea agreement, Lopez waived his right to appeal his sentence on any ground. Lopez argues that his appeal waiver is unenforceable due to ineffective assistance by his first trial attorney. A defendant may avoid a waiver of appeal on the grounds that the waiver or guilty plea itself was tainted by ineffective assistance of counsel. *United States v. White*, 307 F.3d 336, 339, 343 (5th Cir. 2002). However, because Lopez did not raise his ineffective assistance of counsel claim before the district court, we decline to consider it without prejudice to any right Lopez may have to raise it in a subsequent proceeding. *See United States v. Gulley*, 526 F.3d 809, 821 (5th Cir.), *cert. denied*, 129 S. Ct. 159 (2008).

Lopez concedes that his challenge to the reasonableness of his sentence falls within the scope of the waiver of appeal in his plea agreement, and he presents no challenge to the enforceability of the waiver other than the ineffective assistance claim addressed above. Accordingly, we deny his sentencing claim as barred by the appeal waiver.

AFFIRMED.