**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 28, 2012

Lyle W. Cayce
Clerk

No. 12-40596
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SILVESTRE MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:11-CR-679-2

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Silvestre Martinez appeals his conviction for possession with intent to distribute cocaine. He argues pursuant to *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), that the district court committed plain error when it failed to admonish him during the plea colloquy that he would be denied naturalization as a result of his guilty plea. We note at the outset that Martinez's appellate waiver provision does not bar the instant appeal, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenges the voluntariness of his plea. *See United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002).

As a guilty plea involves the waiver of constitutional rights it must be voluntary, knowing, and intelligent. *Brady v. United States*, 397 U.S. 742, 748 (1970). Martinez raised no objection to the allegedly inadequate admonishment; thus, review is for plain error. *See United States v. Vonn*, 535 U.S. 55, 74 (2002). To establish plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

We need not reach the issue whether *Padilla* affects a district court's guilty plea admonishments because the plea agreement and the transcripts of his initial appearance and rearraignment collectively disclose that Martinez, a lawful permanent resident, was fully apprised that a guilty plea could result in his deportation, exclusion from the United States, or the denial of naturalization. *See United States v. Trejo*, 610 F.3d 308, 317 (5th Cir. 2010). As such, any perceived error on the part of the district court during the plea colloquy did not affect his substantial rights, i.e., it is not reasonably probable that but for the alleged error Martinez would not have pleaded guilty. *See United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006). He cannot demonstrate reversible error under the plain error standard.

AFFIRMED.