# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-30850
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABDUL HAFEEZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CR-289

————

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Abdul Hafeez pleaded guilty pursuant to a plea agreement to conspiracy to defraud the United States. In the plea agreement, Hafeez waived his right to appeal his conviction, sentence, fine, and restitution, but he reserved the right to appeal a sentence imposed in excess of the statutory maximum. The district court sentenced Hafeez to 10 months of imprisonment and three years of supervised release and ordered him to pay a $30,000 fine and $153,939.85

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30850

in restitution to the Internal Revenue Service. Additionally, the district court denied Hafeez's motion for release pending appeal.

On appeal, Hafeez contends that the district court erroneously calculated the tax loss and restitution award. He argues that his appeal waiver does not bar this appeal because trial counsel was ineffective for failing to determine the appropriate tax loss amount before agreeing to a tax loss range in the plea agreement. He also raises two other arguments against enforcement of the appeal waiver that have not been considered because they are raised for the first time in his reply brief. *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010). The Government seeks enforcement of the appeal waiver.

Hafeez knowingly and voluntarily waived his right to appeal his conviction, sentence, fine, and restitution. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). His claim of ineffective assistance of counsel arguably raises a claim of ineffectiveness affecting the validity of his appeal waiver or plea, which survives a waiver of appeal. *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). However, we decline to review this claim of ineffective assistance of counsel because the record is not adequately developed to enable us to review this claim on direct appeal. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

The judgment of the district court is AFFIRMED. Hafeez's incorporated motion for release pending appeal is DENIED. *See* 18 U.S.C. § 3143(b)(1)(B).