# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20644
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LLOYD GLEN WILLIAMS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-722-2

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Lloyd Glen Williams pleaded guilty, pursuant to a plea agreement, to: conspiracy to commit obstruction of justice, in violation of 18 U.S.C. §§ 371 and 1503 (count 1); and willfully making and subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1) (count 21). Three years later, prior to sentencing, Williams dismissed his attorney and, through newly retained counsel, moved to withdraw his guilty plea, asserting, *inter alia*, he received

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

ineffective assistance of counsel (IAC), in part due to an alleged improper relationship between his former counsel's associate and a prosecutor. After considering the *United States v. Carr* factors, 740 F.2d 339, 343–44 (5th Cir. 1984), the district court denied the motion to withdraw the guilty plea. Later, the court imposed sentence.

Here, he reasserts those IAC claims. In addition, as he did in district court, he maintains the factual basis was insufficient to support his guilty plea.

The government claims Williams waived his right to appeal in his agreement. On these facts, however, his waiver does not bar review of his insufficient-factual-basis and IAC claims. *United States v. Trejo*, 610 F.3d 308, 312 (5th Cir. 2010); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

Additionally, we generally will not review IAC claims on direct appeal. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Nevertheless, because Williams presented the issue in district court, there is no impediment to our consideration of his IAC claims now. *Id.* In that regard, he urges the "record is amply developed for this court to consider his claim".

The two-part test for IAC claims during plea negotiations, as stated in *Strickland v. Washington*, 466 U.S. 668, 697 (1984), requires Williams to show: his counsel's performance was deficient; and the deficient performance prejudiced him. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Williams first claims his former counsel failed to investigate the evidence against him, before advising him to plead guilty. To succeed on his claim, he "must allege with specificity what the investigation would have revealed and how it would have benefitted him". *United States v. Glinsey*, 209 F.3d 386, 393 (5th Cir. 2000). Williams does not meet that standard. Nor does he dispute his former counsel's affidavit, in which he states that, before advising Williams to plead guilty, counsel: met with the government multiple times; reviewed a

summary of the government's evidence; and reviewed copies of Williams' written statements to FBI Agents and several video and audio recordings. The record evidence supports that counsel investigated the case, and Williams has not shown counsel performed deficiently in this regard.

Williams also claims counsel incorrectly advised him on the law of conspiracy, by representing that a recorded conversation between a government's witness and the co-conspirator was sufficient to convict him. The record reflects, however, that Williams' former counsel presented him with more than one audio recording as evidence of the charged conspiracy. Moreover, as the court observed, even the single conversation between the government's witness and the co-conspirator could provide relevant evidence in determining whether there was a conspiracy.

Furthermore, the signatures on the agreement and addendum to the agreement, and Williams' repeated declarations to the contrary under oath at his plea colloquy, contradict Williams' renewed claim that counsel violated his duty to review the plea agreement with Williams before his guilty plea. Plea colloquies are considered "solemn declarations in open court which carry a strong presumption of verity". *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006) (alterations and internal quotation marks omitted).

Finally, Williams reasserts his earlier claim of a conflict of interest as a result of an alleged personal relationship between his former counsel's associate and a prosecutor assigned to the case. Williams fails to explain how any such relationship adversely affected counsel's performance on his case. Moreover, he fails to counter the court's finding the allegation had "no basis whatsoever . . . to reach that conclusion, or even draw that inference". As such, he fails to demonstrate ineffective assistance based on the alleged conflict of interest.

No. 15-20644

Turning to Williams' claim there was insufficient evidence to support his plea, the court was required, before entering judgment, to "determine that there is a factual basis for the plea". Fed. R. Crim. P. 11(b)(3). The factual basis "must be in the record and sufficiently specific to allow the court to determine whether the defendant's conduct is within the ambit of the statute's prohibitions". *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012) (internal quotation marks omitted).

For his charge for conspiracy to commit obstruction of justice, at issue is whether the factual basis showed his conduct constituted a corrupt endeavor to influence, obstruct, or impede judicial proceedings and the due administration of justice. §§ 371 and 1503; *Broussard*, 669 F.3d at 546; *United States v. Sharpe*, 193 F.3d 852, 863 (5th Cir. 1999). The evidence, which included recorded conversations and interviews with victims and witnesses, established that Abraham Fisch and Williams conspired to convince criminal defendants to hire Fisch as their attorney, based on the benefit of Williams' alleged high-level government contacts. Williams knew the objective was unlawful, and urged the defendants and their relatives not to speak to anyone about the arrangements. Additionally, on at least four occasions, Williams and Fisch approached individuals they knew were facing a pending judicial proceeding. Moreover, Williams admitted under oath the factual basis set out in his plea agreement and the allegations in the indictment were true and accurate. Accordingly, the factual basis is sufficient for that charge.

With respect to the charge he willfully filed a false tax return, the factual basis provided that Williams received $675,000 from Fisch and made a deposit of $700,000 into Williams' wife's bank account. Despite receiving $675,000 from Fisch in 2007, Williams reported income to the Internal Revenue Service on his Form 1040 as a loss of nearly $31,000, and claimed gross receipts on his

4

No. 15-20644

Form Schedule C of approximately $86,000. Williams signed his 2007 Form 1040, and declared it was made under the penalty of perjury. That factual basis was sufficient to show Williams willfully filed a materially false return. *See* § 7206(1); *United States v. Bishop*, 412 U.S. 346, 350 (1973).

AFFIRMED.