# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-51051
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JUSTIN LAMAR WARE, also known as Wolf,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 1:18-CR-198-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Justin Ware appeals his conviction and sentence for conspiracy to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-51051

interfere with commerce by threats or violence per 18 U.S.C. § 1951 and possession of a firearm in furtherance of a crime of violence per 18 U.S.C. § 924(c). He contends that the district court erred by failing to inquire into his complaints at sentencing regarding defense counsel. Ware seeks to have his judgment vacated and remanded for a hearing on the complaints about counsel. He asserts that if the court finds a Sixth Amendment violation, he should be resentenced.

The government seeks enforcement of the appeal waiver. Ware does not challenge the knowing or voluntary nature of the waiver, instead contending that it is inapplicable because he cannot prospectively waive such a right.

The record shows that the waiver was knowing and voluntary, as Ware knew that he had the right to appeal and that he was giving up that right by entering into the plea agreement. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. Portillo*, 18 F.3d 290, 292−93 (5th Cir. 1994). Additionally, we have upheld prospective appeal waivers. *See United States v. White*, 307 F.3d 336, 340−44 (5th Cir. 2002); *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). Thus, the waiver precludes consideration of the appeal. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Accordingly, the appeal is DISMISSED.