# United States Court of Appeals
# for the Fifth Circuit

No. 21-11185

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Damien Antione Jones,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1150

Before Dennis, Richman, and Ho, *Circuit Judges*.[*]

Priscilla Richman, *Circuit Judge*:[**]

Damien Antione Jones pleaded guilty to, among other charges, conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951(a) and using and brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c). The conspiracy charge served as the predicate "crime of violence" for the firearm conviction under the residual clause of § 924(c). Pursuant to

---

[*] Judge Dennis dissents for the reasons stated in *United States v. Jones*, 134 F.4th 831, 842–46 (5th Cir. 2025) (Dennis, J., dissenting).

[**] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-11185

his plea agreement, Jones waived his rights to challenge his convictions and sentences on direct appeal or through a collateral attack. Several years later, in *United States v. Davis*,[1] the Supreme Court struck down the residual clause as unconstitutionally vague.

Relying on *Davis*, Jones collaterally attacked his conviction and sentence under 28 U.S.C. § 2255, the federal habeas statute. The district court denied his motion, finding it was barred by the collateral-review waiver in Jones's plea agreement. As in *United States v. Jones*,[2] the appeal of one of Jones's codefendants, we affirm.

## I

Jones and his codefendants robbed pawn shops and auto parts stores in the Dallas, Texas area. Jones brought handguns and semiautomatic rifles to these robberies. The Government charged Jones with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count 1); using and brandishing a firearm during and in relation to that conspiracy in violation of 18 U.S.C. § 924(c) (Count 2); three counts of Hobbs Act robbery in violation of § 1951(a) and 18 U.S.C. § 2 (Counts 3, 5, and 7); and three counts of using and brandishing a firearm during and in relation to those robberies in violation of 18 U.S.C. § 924(c) (Counts 4, 6, and 8).

Jones pleaded guilty, pursuant to a plea agreement, to Counts 1, 2, 3, 5, 7, and 8. The other firearms charges relating to the robbery counts were dropped. His plea agreement included the following appeal-waiver provision:

> 11. **Waiver of right to appeal or otherwise challenge sentence**: Jones waives his rights, conferred by 28 U.S.C.

---

[1] 588 U.S. 445 (2019).

[2] 134 F.4th 831 (5th Cir. 2025).

§ 1291 and 18 U.S.C. § 3742, to appeal from his convictions and sentences. He further waives his right to contest his convictions and sentences in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Jones, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his pleas of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

At rearraignment, the district court explained that "by agreeing to waive [his] right to appeal, [Jones has] basically given up [his] rights to complain about [his] plea agreement, to complain about [his] sentence, even if [he] think[s] it's unfair." Jones acknowledged that he understood the effect of the appeal and collateral-review waiver provision.

The district court sentenced Jones to 324 months of imprisonment for the conspiracy and robbery counts; a consecutive 84 months of imprisonment for Count 2; and a consecutive 300 months of imprisonment for Count 8. This is a total aggregate sentence of 708 months. During the sentencing hearing, the district court reminded Jones that he had "a right to appeal this sentence within the areas that [he] reserved in [his] plea agreement."

Jones appealed, challenging the district court's denial of his motion to withdraw his guilty plea.[3] He also argued that the district court erred in finding that there were sufficient facts supporting the application of the guideline enhancements, that he received ineffective assistance of counsel, and that the district court made an arithmetic error at sentencing.[4] We

---

[3] *United States v. Jones*, 733 F. App'x 198, 199-200 (5th Cir. 2018) (per curiam).

[4] *Id.*

affirmed the denial of the motion to withdraw the guilty plea.[5] We did not consider the claim of ineffective assistance of counsel because the record was insufficiently developed.[6] We held that the appeal waiver in his plea agreement barred consideration of his other two arguments.[7]

Jones then collaterally attacked his sentence. In a pro se § 2255 motion, he claimed that trial counsel rendered ineffective assistance with regard to his guilty plea and that the district court's oral pronouncement of the sentence should control. He also stated that he "would like to preserve [his] rights to use the *Davis* case (5th circuit) in light of Supreme Courts decesion [sic]." He later amended his § 2255 motion to add a claim of actual innocence. The Government construed this motion to state a claim challenging the conviction on Count 2 based on *Davis*. Jones also filed a supplemental motion under § 2255 "To Vacate, Set Aside, or Correct Sentence."

The magistrate judge recommended that Jones's motions be denied but that a certificate of appealability be granted. The magistrate judge found that Jones was barred from raising his *Davis* claim because it did not fall within the exceptions to the collateral-review waiver in the plea agreement. Jones filed objections to the magistrate judge's findings, conclusions, and recommendation. The district court adopted the recommendation of the magistrate judge. It denied the § 2255 motion and granted a certificate of

---

[5] *Id.*

[6] *Id.*

[7] *Id.* As to the claim of arithmetic error, we explained that the actual issue was the district court misstating the sentence at the sentencing hearing. *Id.* As to Counts 1, 3, 5, and 7, the district court orally pronounced a combined sentence to equal 294 months, which conflicted with the combined sentence of 324 months that was later imposed. Because this misstatement did not amount to an arithmetic error, the appeal waiver barred its review. *Id.*

No. 21-11185

appealability "on the following issues: (1) whether the appellate-review waiver in his plea agreement bars his *Davis* claim; and (2) whether his appellate-review waiver is unenforceable under the miscarriage-of-justice exception." Jones is represented by counsel in this appeal.

## II

"The right to appeal a conviction and sentence is a statutory right, not a constitutional one, and a defendant may waive it as part of a plea agreement."[8] The "general rule" is that knowing and voluntary collateral-review waivers are enforceable.[9] We have recognized two exceptions to appeal and collateral-review waivers: (1) ineffective assistance of counsel and (2) a sentence exceeding the statutory maximum.[10]

Jones raises two arguments as to why his collateral-review waiver should not apply to his claims for relief based on *Davis*. First, Jones argues that he "could not knowingly waive a habeas claim which did not exist until the *Davis* opinion was issued in 2019." Second, he argues that he received a sentence in excess of the statutory maximum because, under *Davis*, the residual clause offense "is now an invalid offense, and the sentence imposed exceeded a zero month sentence for this now-invalid offense." The *Jones* decision involved an identical appeal waiver and identical charges.[11] The

---

[8] *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002) (citing *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997)).

[9] *United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020).

[10] *Id.* (citing *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002)).

[11] *United States v. Jones*, 134 F.4th 831, 834, 839-41 (5th Cir. 2025).

No. 21-11185

*Jones* decision rejected identical arguments.[12]  For the same reasons, Damien Jones's arguments fail.

### III

Last, Jones argues that we should recognize and apply a miscarriage-of-justice exception to his collateral-review waiver.  This court has "declined explicitly to adopt or to reject" a miscarriage-of-justice exception in previous cases.[13]  We have held that a defendant waived arguments as to a miscarriage of justice exception because he did not "(1) explain the proper scope of that exception, (2) cite any cases purporting to do so, or (3) detail how and why it should apply to his case."[14]

Jones focuses on how and why the exception should apply to his case. He argues that retaining the § 924(c) conviction would work a miscarriage of justice because it "would result in [Jones] serving an additional 84 months for a now non-existent offense . . . plus the additional 25 year consecutive sentence for [Count 8], which should be remanded for resentencing at the range of a consecutive sentence of 7 years to life."

The Government argues that there is no miscarriage of justice here because Jones knowingly and voluntarily exchanged his appellate rights for a more favorable sentence.  According to the Government, Jones traded his

---

[12] *Id.* at 837-39 (rejecting the argument that Damien Jones's codefendant "did not knowingly and intelligently waive the right announced in *Davis* because it did not exist at the time of the plea agreement, rendering the collateral-review waiver unenforceable here"); *id.* at 840-41 (rejecting argument by Damien Jones's codefendant that he received a sentence in excess of the statutory maximum because "the maximum term of years the court could impose based on the invalid residual clause of Section 924(c) is zero").

[13] *Barnes*, 953 F.3d at 389.

[14] *Id.*

right to attack his conviction and sentence for dismissal of other counts that would have resulted in another 50 years of imprisonment.

Ultimately, Jones does not make a strong case for recognizing the miscarriage-of-justice exception and applying it here. He does not explain the scope of the exception, cite any cases purporting to apply the exception in the *Davis* context, or show how his circumstances in particular work a miscarriage of justice, especially given this court's decision in *Caldwell*.[15] As in *Jones*,[16] we decline to recognize and apply a miscarriage-of-justice exception here.

\* \* \*

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[15] *United States v. Caldwell*, 38 F.4th 1161 (5th Cir. 2022) (per curiam).

[16] 134 F.4th at 841-42.