**UNITED STATES of America, Plaintiff–Appellee**

v.

**Ronnie Lee OWEN, Defendant– Appellant.**

**No. 10–60456 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 14, 2011.

See also, 2009 WL 2857959.

---

3. We note that Corbell's projected release date is July 5, 2011.

286

Gaines H. Cleveland, Assistant U.S. Attorney, Ruth R. Morgan, Assistant U.S. Attorney, U.S. Attorney's Office, Gulfport, MS, for Plaintiff–Appellee.

Julie Ann Epps, Esq., Canton, MS, for Defendant–Appellant.

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM: *

Ronnie Lee Owen pleaded guilty to possessing counterfeit bank checks and was

sentenced to 66 months imprisonment. As part of his plea agreement, Owen agreed to waive his right to appeal his conviction and sentence, as well as the manner in which the sentence was imposed. After the district court had accepted his plea but before sentencing, Owen moved to withdraw his guilty plea in part on the ground of ineffective assistance of counsel. The district court denied his motion but appointed new counsel. Owen did not renew his motion to withdraw his plea, nor does he now challenge the district court's denial of his withdrawal motion. Instead, he appeals his sentence, and argues that he was denied effective assistance of counsel at his plea withdrawal hearing because his attorney could not advance arguments of his own ineffective representation. Owen argues that the district court was obliged to appoint new counsel at the plea withdrawal hearing, and its failure to do so was error. The Government in turn has moved for summary affirmance or dismissal of this appeal on the basis of the appeal waiver provision in Owen's plea agreement.

 We readily dispose of Owen's challenges to his sentence, as these challenges are expressly governed by the waiver of his right to appeal. He argues that the district court erred in imposing a sentence above the recommended Guidelines range and miscalculated the proper Guidelines range. Because Owen's valid appeal waiver encompasses these arguments, we do not address their merits. *See United States v. Sanchez Guerrero,* 546 F.3d 328, 335 (5th Cir.2008) (declining to address defendant's challenge to his sentence because such appeal was waived).[1]

With respect to his challenge to his plea withdrawal hearing, Owen asserts that his

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. In his opposition to the Government's motion to dismiss, Owen claims for the first time

waiver does not bar a claim that the waiver of appeal itself was tainted by the ineffective assistance of counsel, and therefore we may reach the merits of his claim. It is true that an ineffective assistance of counsel argument survives a waiver of appeal—but "only when the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir.2002); *see also id.* at 337 ("[I]neffective assistance of counsel claims only survive a waiver of appeal if they directly relate to the voluntariness of the waiver.").

■ Here, Owen does not argue that his waiver—or the plea itself—was tainted by his counsel's ineffectiveness, or that it was unknowing or involuntary. Although he made such an argument in the district court, he has expressly declined to renew that argument here. Neither does he challenge the district court's denial of his withdrawal motion; he states, "Whether the trial court should have granted Owen's request to withdraw his guilty plea is not, however, the issue here." Instead, he simply challenges the adequacy of his representation at his plea withdrawal hearing. Such a narrow claim without more cannot survive Owen's waiver of his appeal right.

■ We also note that Owen, even with the appointment of new trial counsel, failed to raise this argument below. "The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been before the district court since no opportunity existed to develop the rec-

that his waiver is no longer enforceable because the Government breached the plea agreement. That claim is not properly before this court as Owen did not raise it in his opening brief. *See, e.g., Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1010 (5th Cir.2010) (arguments raised for the first time in reply brief or at oral argument are not properly before the court). Even if it were,

ord on the merits of the allegation." *United States v. London*, 568 F.3d 553, 562 (5th Cir.2009) (quoting *United States v. Brewster*, 137 F.3d 853, 859 (5th Cir.1998)); *see also Massaro v. United States*, 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) ("[I]neffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial.").

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's motion to strike Owen's non-record exhibits and its alternative motion to dismiss are DENIED as unnecessary.

however, Owen has not demonstrated plain error on this claim. *See United States v. Puckett*, 505 F.3d 377, 383 (5th Cir.2007) (claim that government breached plea agreement raised for the first time on appeal is reviewed for plain error). On this record, he has not sufficiently carried his burden of proof in showing a breach.