EDITH BROWN CLEMENT, Circuit Judge:
Antonio Hughes appeals his convictions and sentence in this drug distribution conspiracy case. We AFFIRM in part and REVERSE in part the judgment of the district court.
FACTS AND PROCEEDINGS
Hughes was charged by indictment with one count of conspiracy to distribute fifty grams or more of a substance containing cocaine base (Count 1, the “conspiracy count”), in violation of 21 U.S.C. § 846, and four counts of using a telephone to facilitate the commission of a drug crime (Counts 2-5, the “telephone counts”), in violation of 21 U.S.C. § 843(b). At his initial appearance, Hughes pleaded not guilty to all counts of the indictment.
The morning that his trial was to commence, Hughes agreed to plead guilty. At his change-of-plea hearing, the Government informed the district court that it had entered into
an oral agreement [with Hughes] that if [he] were to plead guilty to the first count, being the conspiracy count, the government will ask the court to continue Counts 2 through 5 until sentencing, *659 after which time the government intends to move to dismiss Counts 2 through 5.... Also, the government would recommend at sentencing that the defendant receive the lower 50 percent of the guideline range as it applies to Count 1 of the indictment.
The district court then asked Hughes whether he understood that the court was “not bound by the government’s recommendation,” and Hughes replied affirmatively.
After the Government read a factual basis for the charges, the district court asked Hughes whether he conceded the truthfulness of the Government’s recitation. Hughes initially refused to do so. His attorney, after consulting with Hughes, clarified for the district court that Hughes took issue with a part of the factual basis that indicated that he had distributed drugs on behalf of his supplier, when in reality he was only prepared to admit that he was selling drugs on his own behalf. Hughes affirmed to the district court that this was his complaint with the factual basis. The district court had Hughes confirm that he was admitting that he was guilty of the offenses charged in the indictment, Hughes then pleaded guilty to all five counts, and the district court accepted his guilty pleas.
Hughes subsequently moved to withdraw his guilty pleas, but the district court denied this motion after a hearing. At sentencing, the Government reminded the district court that it “did during the defendant’s plea agree to dismiss Counts 2 through 5 at the conclusion of sentencing,” but the district court nevertheless handed down sentences on all five counts of the indictment. The district court sentenced Hughes to 121 months’ imprisonment on the conspiracy count and 48 months’ imprisonment on each of the four telephone counts, all to run concurrently, five years of supervised release, a fine, and special assessments for all five counts. Hughes timely appeals.
STANDARD OF REVIEW
We review claims not raised before the district court for plain error only. United, States v. Trejo, 610 F.3d 308, 318-19 (5th Cir.2010). When there was (1) an error below, that was (2) clear and obvious, and that (3) affected the defendant’s substantial rights, a “court of appeals has the discretion to correct it but no obligation to do so.” Id. at 319. “[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under [Federal Rule of Criminal Procedure 11], must show a reasonable probability that, but for the error, he would not have entered the plea.” United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).
We review a district court’s denial of a motion to withdraw a guilty plea and a district court’s denial of a motion to dismiss counts of an indictment for abuse of discretion. United States v. Washington, 480 F.3d 309, 316 (5th Cir.2007) (motion to withdraw a guilty plea); see United States v. Davis, 285 F.3d 378, 383 n. 3 (5th Cir.2002) (motion to dismiss counts of an indictment).
DISCUSSION
Hughes raises three arguments on appeal. First, he argues that his change-of-plea hearing was procedurally deficient under Federal Rule of Criminal Procedure 11, requiring vacatur of his guilty pleas. Second, he contends that the district court abused its discretion in denying his motion to withdraw his guilty pleas. Third, he asserts that the district court abused its discretion in not dismissing the telephone counts on the Government’s motion.

*660
1. Change-of-plea hearing

' Hughes argues that his change-of-plea hearing was procedurally deficient under Rule 11 in four ways: (A) the factual basis provided by the Government was insufficient; (B) the district court failed to explain fully the consequences of his guilty pleas to the telephone counts; (C) the district court misstated the mandatory minimum and statutory maximum sentences he faced; and (D) the district court failed to inform him of the mandatory special assessments that would form a part of his sentence. Because Hughes failed to object on any of these grounds before the district court, our review is for plain error only. Trejo, 610 F.3d at 318-19.[1] Obtaining relief for Rule 11 violations on plain error review “will be difficult to get, as it should be.” Dominguez Benitez, 542 U.S. at 83 n. 9, 124 S.Ct. 2333. “[J]ust as there are many fair trials but few perfect ones, so flaws are also to be expected in Rule 11 proceedings.” Id. (alteration in original) (quoting United States v. Raineri, 42 F.3d 36, 45 (1st Cir.1994)). For the reasons that follow, we hold that Hughes has failed to meet this stringent standard.

(A) Factual basis

Hughes contends that the factual basis recited by the Government at his change-of-plea hearing established no basis for guilt with respect to three of the telephone counts, because it did not explicitly tie any relevant offense conduct to the dates on which the indictment alleged the three offenses had occurred. He further argues that the Government provided only a questionable basis for the conspiracy count and the fourth telephone count because, when he was first asked whether the Government’s factual basis as recited was true, he answered, “no.” Both of these arguments are unavailing.
? assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting the conviction.” Trejo, 610 F.3d at 313. An indictment, “if specific,” is an acceptable record document for such an inquiry. Id. at 317. Hughes’s indictment sets out the dates and locations of Hughes’s use of a telephone in connection with his drug trafficking activity. This indictment, taken together with the factual basis at the change-of-plea hearing, constitutes sufficient evidence in the record to support Hughes’s guilty pleas and convictions on these three counts.
*661 Furthermore, the exchange Hughes points to in challenging the conspiracy count and the fourth telephone count does not fairly reflect the colloquy at the change-of-plea hearing. After his initial negative answer, Hughes and his attorney conferred, and his attorney informed the district court that Hughes’s objection to the factual basis was rooted in its implication that Hughes had been selling drugs on behalf of his supplier, while Hughes was only willing to admit that he had been selling on his own behalf drugs that he purchased from the supplier. After this clarification, the district court asked Hughes, “Are you guilty of these offenses that are charged in the indictment?” Hughes responded, ‘Yes, sir.” In light of this final exchange, the colloquy, considered along with the indictment and other factual sources in the record, see id. at 318, 317, was sufficient to support Hughes’s guilty pleas and convictions on these two counts as well.

(B) Consequences of guilty plea

Hughes next alleges that the district court failed to explain to him the consequences of his guilty pleas to the telephone counts, as required by Rule 11, because it did not inform him that it could refuse to dismiss these counts in spite of the plea agreement. We decline to address the sufficiency of the district court’s explanation of the consequences of the guilty plea. Because we reverse the district court’s decision not to dismiss the telephone counts, see infra Part 3, giving Hughes the full benefit of the plea agreement in this regard, any Rule 11 error in the district court’s explanation of the ramifications of pleading guilty to the telephone counts did not affect Hughes’s substantial rights. See Trejo, 610 F.3d at 319.

(C) Sentencing range

Before accepting a guilty plea, a district court is required to inform the defendant of “any maximum possible penalty, including imprisonment, fine, and term of supervised release,” Fed. R. Crim P. 11(b)(1)(H), and of “any mandatory minimum penalty,” Fed. R. Crim P. 11(b)(l)(I). Failure to inform a defendant correctly as to the sentencing range he faces as a result of his guilty plea can be grounds for vacatur of the plea. See United States v. Still, 102 F.3d 118, 122-23 (5th Cir.1996).
At Hughes’s change-of-plea hearing, the district court informed him that he faced a mandatory minimum 10 years’ imprisonment and a maximum possible penalty of life imprisonment. This sentencing range was correct prior to the enactment of the Fair Sentencing Act, but under the terms of the Act, which was passed after Hughes’s offenses but before he was sentenced, Hughes faced minimum and maximum penalties of 5 years’ and 40 years’ imprisonment. Although we had previously held that the Act was inapplicable to offenses that were committed prior to its enactment, see United States v. Tickles, 661 F.3d 212, 214-15 (5th Cir.2011), the Supreme Court has since held the Act applicable to all offenders sentenced after its enactment, Dorsey v. United States, — U.S. -, 132 S.Ct. 2321, 2331, 183 L.Ed.2d 250 (2012), a category that includes Hughes.
Although the district court correctly applied the law as it stood in this circuit at the time of the change-of-plea hearing, a district court’s decision rendered erroneous by a subsequent change in the law can constitute reversible plain error so long as the error is plain “at the time of appellate consideration.” Johnson v. United States, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Based on the district court’s now-apparent error in setting out the sentencing range, Hughes contends that he is entitled to vacatur of his guilty pleas because, if he *662 had not been told that he faced a life sentence, he would not have pleaded guilty.
We hold that Hughes is not entitled to the relief he seeks because he has not shown a reasonable probability that, but for the Rule 11 error committed, he would not have pleaded guilty. See Dominguez Benitez, 542 U.S. at 83, 124 S.Ct. 2333. Although Hughes can point to facts in the record that tend to show that he was generally hesitant about pleading guilty, “he does not direct this court to any portion of the record supporting the proposition that the maximum sentence [he faced] affected his plea decision.” United States v. Molina, 469 F.3d 408, 412 (5th Cir.2006). In the absence of evidence of this sort of causation, we have declined to find vacatur warranted on the basis of similar Rule 11 errors, even in circumstances in which the district court’s error was far more prejudicial to the defendant than was the case here. See United States v. Alvarado-Casas, 715 F.3d 945, 954 (5th Cir.2013) (declining to vacate for Rule 11 error where the district court imposed a sentence 70 months longer than what it had stated was the maximum possible sentence at the defendant’s change-of-plea hearing).

(D) Special assessment

Finally, Hughes contends that the district court’s failure to inform him that his sentence would include the imposition of special assessments violated Rule 11 and entitles him to vacatur of his convictions. See Fed.R.Crim.P. 11(b)(l)(L) (requiring the district court to inform a defendant of “the court’s obligation to impose a special assessment”). However, the district court informed Hughes that he faced a fine of up to $1,000,000 on his conspiracy count alone. We have held that a defendant informed of the possibility of fines larger than any potential special assessment suffers no prejudice to his substantial rights when a district court fails to make mention of the special assessments as required by Rule 11. United States v. Powell, 354 F.3d 362, 368-69 (5th Cir.2003). Hughes’s argument on this ground is unavailing.

2. Motion to withdraw guilty pleas

Hughes argues that the district court abused its discretion when it denied his motion to withdraw his guilty pleas. We have held that a district court should review such a motion under the seven-factor Carr test:
(1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources.
United States v. Carr, 740 F.2d 339, 343-44 (5th Cir.1984) (citations omitted). “The Carr factors are considered for the totality of the circumstances, and the district court is not required to make a finding as to each individual factor.” United States v. McKnight, 570 F.3d 641, 646 (5th Cir.2009) The district court held a hearing to address Hughes’s motion to withdraw his guilty pleas. After hearing argument from the Government, Hughes’s counsel, and Hughes himself, the district court considered in detail each of the seven factors and found that all of them except for one— the lack of unreasonable delay in filing the motion to withdraw — militated against allowing withdrawal of the pleas. Applying Carr, the district court then denied Hughes’s motion. We see no errors of law *663 or clearly erroneous factual findings in the district court’s decision, and we therefore hold that the district court’s denial of Hughes’s motion was not an abuse of discretion. See United States v. Mann, 161 F.3d 840, 860 (5th Cir.1998).

3. Dismissing the telephone counts

Finally, Hughes asserts that the district court abused its discretion in failing to allow dismissal of the telephone counts at sentencing. Federal Rule of Criminal Procedure 48(a) allows the Government to, “with leave of court, dismiss an indictment, information, or complaint.” “[T]he termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.” United States v. Cowan, 524 F.2d 504, 513 (5th Cir.1975).
At Hughes’s change-of-plea hearing, the Government requested that the district court continue the telephone counts until sentencing, at which point it planned to move to dismiss them. The district court did not continue these counts and accepted Hughes’s guilty pleas to them at the end of the hearing. At sentencing, the Government moved to dismiss the telephone counts, but the district court did not dismiss them, instead proceeding to sentence Hughes on each of them without providing any substantive rationale for its decision.
As the Government has never argued that dismissing the telephone counts would have been “clearly contrary to manifest public interest,” id., and as the district court provided no reasoning justifying its refusal to dismiss the telephone counts, we hold that the district court’s failure to dismiss these counts was an abuse of discretion necessitating reversal.
CONCLUSION
For the foregoing reasons, we AFFIRM the judgment of the district court with respect to Count 1, the conspiracy count. We REVERSE the district court’s denial of the Government’s motion to dismiss Counts 2-5, the telephone counts, and RENDER a judgment of dismissal on these counts.

. In addition to the arguments that Hughes makes in his briefs, the dissent argues in favor of construing Hughes’s briefing as implicitly raising a Federal Rule of Criminal Procedure 11(c)(3)(A) challenge to the district court’s handling of Hughes’s plea. However, ”[i]t has long been the rule in this circuit that any issues not briefed on appeal are waived,” United States v. Thibodeaux, 211 F.3d 910, 912 (5th Cir.2000), and Hughes has not briefed any potential error under Rule 11(c)(3)(A).
The dissent further argues that, even if waived, we should sua sponte raise this issue as this case presents "exceptional circumstances.” United States v. Meza, 701 F.3d 411, 433 (5th Cir.2012) (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)). Meza was a case in which an appellant faced 120 months’ imprisonment as a result of a clear Double Jeopardy error. Id. at 433-34. Hughes faced effectively no additional term of imprisonment as a result of any purported Rule 11(c)(3)(A) error, as his sentences on Counts 2-5 were set to run concurrently to his sentence on Count 1. Furthermore, we herein give Hughes the benefit of his plea agreement in reversing the district court’s failure to dismiss Counts 2-5. See infra Part 3. We decline to hold that "exceptional circumstances” are presented by a putative error with such a de minimis impact.