# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50668

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

JOSHUA DEVON BARROW, also known as JJ,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-345

Before JOLLY, HIGGINBOTHAM, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

At the time appellant Joshua Barrow pleaded guilty to a drug offense, the district court advised him that he faced a twenty-year minimum sentence, in accordance with the statutory minimum then in effect. By the time Barrow was sentenced, the Fair Sentencing Act of 2010 ("FSA") had lowered the mandatory minimum for Barrow's crime, which now required a ten-year minimum sentence. Barrow was sentenced to ten years as per the revised statute. Barrow seeks resentencing on the grounds that his plea was not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50668

knowing and voluntary because it was made pursuant to misinformation that a higher mandatory minimum would apply.  We AFFIRM Barrow's conviction and sentence.

## I

On December 15, 2010, a federal grand jury indicted Joshua Barrow for the offense of conspiracy to distribute and to possess with intent to distribute fifty grams or more of crack cocaine from January 1, 2009, until July 31, 2010, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A), and 846.  The prosecution filed a Sentencing Enhancement Information that same day, alleging that Barrow had been convicted in 2005 of a felony drug offense for possession of more than one gram but less than four grams of a controlled substance.  The Information notified the court and the defense that upon Barrow's conviction for conspiracy, the prosecution intended to request a sentencing enhancement based on Barrow's prior conviction.  Pursuant to § 841(b)(1)(A) as it existed at the time, this would require a minimum sentence of twenty years and a maximum term of life imprisonment.  The parties filed a Plea Agreement in the district court on April 21, 2011, that noted Barrow's agreement to plead guilty to the charge in the Indictment and his understanding that the applicable minimum and maximum prison sentences for his offense were twenty years to life imprisonment.  Barrow was rearraigned that same day.  In a colloquy with the magistrate judge, Barrow affirmed that he understood that the statutory range of punishment applicable to his offense was twenty years to life imprisonment.  Barrow then entered a guilty plea pursuant to the terms of the Plea Agreement.

In the factual summary contained in the Plea Agreement, Barrow acknowledged that on April 29, 2010, a confidential source working for the Midland Police Department contacted Barrow's brother, Mandis Barrow, to

2

No. 12-50668

arrange the purchase of a quantity of crack cocaine.  Mandis Barrow instructed the confidential source to pick up the crack cocaine from Joshua Barrow's residence.  At his brother's direction, Joshua Barrow delivered 56.2 grams of crack cocaine to the confidential source for redistribution in Midland, Texas.

The Addendum to the Presentence Report ("PSR") reflects that Barrow objected to the paragraph included therein about the statutory term of imprisonment.  His objection alleged that the FSA revisions to the punishment ranges for Barrow's quantity of cocaine should be applied in determining Barrow's statutory minimum punishment, despite the fact that the effective date of the FSA was after Barrow's offense dates as alleged in the indictment.  At that time, Fifth Circuit precedent was clear that the FSA did not apply retroactively to defendants whose offense preceded the FSA but were sentenced after the FSA's enactment.[1]

At Barrow's sentencing on June 21, 2012, the prosecution advised the district court judge that the Supreme Court had ruled that very morning on the retroactivity of the FSA.  In *Dorsey v. United States*,[2] the Court held that the reduced mandatory minimum penalties of the FSA, which lowered the crack-to-powder sentencing disparity, *did* apply to offenders whose crime preceded the effective date of the FSA but who were sentenced after that date.  This decision overruled our circuit precedent to the contrary.[3]

With the sentencing enhancement pursuant to Barrow's prior conviction, the new statutory range applicable to Barrow's crime involving fifty grams or more of crack cocaine was ten-years-to-life, not the twenty-years-to-life that

---

[1] *See United States v. Tickles*, 661 F.3d 212, 215 (5th Cir. 2011).

[2] 132 S. Ct. 2321 (2012).

[3] *Tickles*, 661 F.3d at 215.

3

No. 12-50668

applied before the FSA revisions.[4]   The district court applied the reduced mandatory minimum sentence of the FSA pursuant to *Dorsey* and sentenced Barrow to ten years of imprisonment plus eight years of supervised release.

Barrow timely appealed.   He contends on appeal that his guilty plea must be vacated because of the district court's error in advising him that he faced a minimum prison sentence of twenty years when the true term, under a retroactive application of the FSA, was ten years.

## II

A.  Standard of Review

The standard of review that applies to this case is disputed.   Federal Rule of Criminal Procedure 11 lays out the steps that a judge must take to ensure that a guilty plea is knowing and voluntary, and provides that any variance from its requirements is harmless error if it does not affect the defendant's substantial rights.   Although Rule 11 does not include a provision comparable to Fed. R. Crim. P. 52(b), which provides that plain error review applies to claims "not brought to the court's attention," the Supreme Court held in *United States v. Vonn*[5] that a defendant who lets Rule 11 error pass without objection in the trial court is subject to Rule 52(b)'s plain-error standard.

Barrow argues that harmless error review applies because he preserved his claim by objecting to the PSR's application of the twenty-year term on the grounds that a lower minimum applied pursuant to the FSA.   The Government argues that plain error review is appropriate because Barrow neither objected at rearraignment to the Magistrate Judge's advice that the statutory minimum

---

[4] *See* 21 U.S.C. § 841(a)(1).

[5] 535 U.S. 55, 58–59 (2002).

term was twenty years, nor did he move to withdraw his guilty plea.

We are not persuaded that Barrow was required to withdraw his guilty plea in order to preserve the error he alleges here. In *United States v. Carreon-Ibarra*,[6] we rejected an argument that defendant had forfeited harmless error review by not moving to withdraw his guilty plea before sentencing. Here, Barrow objected to the higher pre-FSA sentencing ranges being applied in the PSR, in a manner highly similar to *Carreon-Ibarra*'s objection: he invoked the statute but did mention Rule 11 or claim his plea was unknowing. Furthermore, the timing of the underlying events here was highly unusual, in that both the parties and the district court judge learned literally in the midst of the sentencing hearing that the Supreme Court had only minutes or hours beforehand overturned Fifth Circuit precedent and applied the FSA retroactively in *Dorsey*. The defendant bears the burden of establishing a fair and just reason for withdrawing his plea,[7] and before *Dorsey* Fifth Circuit precedent was clear that no such reason existed.[8]

We thus apply the more searching harmless error review here.

---

[6] 673 F.3d 358, 363 (5th Cir. 2012).

[7] *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998).

[8] Additionally, we have used general language about the principles underlying the preservation of Rule 11 error. *See, e.g.*, *United States v. Powell*, 354 F.3d 362, 367 (5th Cir. 2003) (characterizing *United States v. Vonn*, 535 U.S. 55, 71–74 (2002), as holding that plain error review applies to Rule 11 objections raised for the first time on appeal and harmless error review applies to Rule 11 objections raised before appeal is taken); *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc) ("[Appellant] did not raise a challenge to the adequacy of the factual basis underlying her guilty plea in district court, either by making her plea conditional pursuant to Rule 11(a)(2) or by objecting thereafter, such as at her sentencing. Rather, she raised it for the first time on appeal. . . . [W]e will review that issue for plain error."). Here, we conclude that Barrow's PSR objection that he was informed of a twenty-year minimum when, he argued, the correct minimum was ten years fairly encompassed the concept that he was misinformed, which is by definition a Rule 11 error that by its own terms can render a defendant's plea unknowing.

No. 12-50668

## III

Barrow claims his guilty plea must be vacated because the statutory twenty-year minimum of which the court advised him was higher than the statutory minimum of ten years that the court later determined to be correct in light of Supreme Court's intervening interpretation of the FSA in *Dorsey*. This misinformation, he argues, rendered his plea unknowing, in violation of Rule 11.  Harmless error review in this context involves a two-step inquiry: "(1) whether the sentencing court in fact varied from the procedures required by Rule 11 and (2) whether such variance affected the 'substantial rights' of the defendant."[9]  In evaluating "whether an error affects substantial rights, i.e., is harmful," we look to "whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty."[10]   The Government must bear the burden of establishing the harmlessness of a preserved Rule 11 violation.[11]

### A.

We first decide whether the district court erroneously varied from the procedures required by Rule 11.[12]  Rule 11 provides that "[b]efore the court accepts a plea of guilty . . . the court must inform the defendant of . . . any mandatory minimum penalty."[13]

It is well-settled in this and other circuits that the district court committed Rule 11 error by advising Barrow that a higher, pre-FSA minimum sentence would apply, even though that was a correct statement of the law at

---

[9] *United States v. Powell*, 354 F.3d 362, 367 (5th Cir. 2003) (citation omitted).

[10] *Id.* (citation omitted).

[11] *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002).

[12] *Powell*, 354 F.3d at 367.

[13] Rule 11(b)(1)(I).

No. 12-50668

the time of Barrow's plea agreement.[14]

### B.

We next determine whether the Rule 11 error was harmless, i.e. whether it affected Barrow's substantial rights.[15]    Unlike under plain error review, harmless error review does not require Barrow to show a reasonable probability that, but for the error, he would not have pleaded guilty.[16]    But within our inquiry into whether the Rule 11 error affected Barrow's substantial rights, we look to "whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty."[17]    "In other words, we examine the facts and circumstances of the case to see if the district court's flawed compliance with Rule 11 may reasonably be viewed as having been a material factor affecting defendant's decision to plead guilty."[18]

In *United States v. Hughes*,[19] we recently decided issues very similar to the claims Barrow raises here.    At Hughes's plea hearing, the district court

---

[14] *See, e.g.*, *United States v. Hughes*, 726 F.3d 656, 661 (5th Cir. 2013) (holding that the district court committed plain error where it advised defendant that a higher mandatory minimum would apply when *Dorsey* later mandated that the lower FSA mandatory minimum apply); *Johnson v. United States*, 520 U.S. 461, 468 (1997) (explaining that where the error is clear and obvious on appellate review, it satisfies the error prong of a Rule 11 inquiry); *United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc) (same); *United States v. Martinez*, 277 F.3d 517, 530 (4th Cir. 2002) (finding Rule 11(c)(1) error where the district court informed appellant that he faced a mandatory minimum sentence of ten years when the post-plea case of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), directed that appellant face no mandatory minimum sentence).

[15] *Carreon-Ibarra*, 673 F.3d at 366. The same question whether the error affected Barrow's substantial rights applies if this Court uses plain error review, *see United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006).

[16] *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

[17] *Carreon-Ibarra*, 673 F.3d at 366 (citations omitted).

[18] *Id.* (quotation marks, alterations, and citations omitted); *see also United States v. Cuevas-Andrade*, 232 F.3d 440, 443 (5th Cir. 2000) (applying same standard in harmless error Rule 11 review).

[19] 726 F.3d 656 (2013).

informed him that he faced a mandatory sentence of ten years to life imprisonment if he pleaded guilty to conspiracy to distribute fifty grams or more of crack cocaine.[20] This sentencing range was correct prior to enactment of the FSA, but under the terms of the FSA, which was passed after Hughes's offenses were committed but before he was sentenced, the new sentencing range was five to forty years of imprisonment.[21]  Hughes moved to withdraw his plea on other grounds, and the motion was denied by the district court.[22] Hughes argued on appeal, among other claims, that his plea hearing was deficient under Rule 11 because the district court overstated the mandatory minimum and maximum sentences he faced, requiring vacatur of his plea.[23] Because Hughes raised this claim for the first time on appeal, we applied plain error review.[24]  We held that although the district court committed Rule 11 error in advising Hughes of a sentencing range that *Dorsey* later determined to be incorrect, Hughes was not entitled to vacatur because he did not show a reasonable probability that, but for the Rule 11 error, he would not have pleaded guilty.[25]  We denied Hughes relief because he could not "direct this court to any portion of the record supporting the proposition that the maximum sentence he faced affected his plea decision," and we explained that "[i]n the absence of evidence of this sort of causation, we have declined to find vacatur warranted on the basis of similar Rule 11 errors, even in circumstances in which the district court's error was far more prejudicial to the defendant than

---

[20] *Id.* at 661.

[21] *Id.*

[22] *Id.* at 659.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 661–62.

was the case [for Hughes]."[26]

Barrow presents an even weaker case for relief than Hughes. Hughes directly contended on appeal that, if he had not been told that he faced a higher sentence, he would not have pleaded guilty.[27] Barrow claims on appeal only that, had he been properly informed that a lower mandatory minimum would apply to his guilty plea, "he may very well have utilized the lighter sentence in deciding whether to plead guilty or go to trial," and "he very well may have chosen to challenge the government's evidence" at trial. Under harmless error review, we look to whether the error was a "material factor" in appellant's decision to plead guilty. Thus, even under harmless error review, Barrow cannot show that the Rule 11 error "would have been likely to affect his willingness to plead guilty" or was a "material factor" affecting his decision when he does not even directly make that claim on appeal and did not move to withdraw his plea.[28]

---

[26] *Id.* at 662 (alterations, quotation marks, and citations omitted).

[27] *Id.* at 661–62.

[28] Case law from other circuits supports the conclusion that Barrow cannot show that his substantial rights were affected by the district court's error. In *United States v. Hogg*, 723 F.3d 730 (6th Cir. 2013), for example, the court faced the same issue: Whether a district court's Rule 11 error, in advising a defendant that a higher, pre-FSA mandatory minimum applied to his pre-*Dorsey* plea, was harmless. In surveying that circuit's precedent in similar situations, the court noted patterns in cases where the court fell on either side of the harm inquiry. One salient series of decisions found the error to be harmless in the absence of any indication that the defendant would have declined the Government's plea offer if accurately informed of the correct (lower) statutory penalty range. *Id.* at 748. Error was also harmless where the defendant never claimed he would have refused the plea bargain had he been correctly informed, nor contended on appeal that the information would have altered his decision to plead guilty, nor indicated he was confused by the district court's misstatements, nor attempted to withdraw his guilty plea. *Id. See also United States v. Martinez*, 277 F.3d 517, 532–33 (4th Cir. 2002) (rejecting under plain error review appellant's claim that had he known a lower minimum applied, he would have "calculated the risks and benefits of proceeding to trial differently"; the court declined to find this affected appellant's substantial rights because he was facing eight separate criminal charges and a potential sentence far exceeding the mandatory minimum at issue). Barrow did none of these.

No. 12-50668

**IV**

We affirm Barrow's conviction and sentence.