# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50065

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NEMICIO RAMON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CR-11-30

Before KING, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

Nemicio Ramon pled guilty to conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. At re-arraignment, prior to accepting Ramon's guilty plea, the court informed Ramon that he faced a ten-year mandatory minimum sentence. During sentencing, the district court found that Ramon was only personally responsible for 181.4 kilograms of marijuana, which resulted in a range of imprisonment that was less than ten years under the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50065

Sentencing Guidelines.  Nonetheless, the court sentenced Ramon to the ten-year mandatory minimum.  Ramon did not object.  Ramon appeals his sentence, even though his plea agreement contained an appellate waiver.

For the first time on appeal, Ramon argues that the district court erred by imposing the ten-year mandatory statutory minimum sentence.  He also asserts that his guilty plea was not knowing and voluntary because the district court erroneously informed him that he was subject to a mandatory minimum term of 120 months.  The government contends that this appeal should be dismissed because it is barred by Ramon's waiver of his right to appeal.

We review the validity of an appeal waiver de novo.  *See United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002).  We will not enforce an appeal waiver unless the guilty plea was informed and voluntary.  *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997).  Before accepting a defendant's guilty plea, the district court is required to advise the defendant of any applicable statutory minimum.  Fed. R. Crim. P. 11(b)(1)(I).  Because Ramon did not object on this basis in district court, our review of any Rule 11 error is limited to plain error.  *See United States v. Vonn*, 535 U.S. 55, 59 (2002).  To show plain error, Ramon must show a forfeited error that is clear or obvious and that affects his substantial rights; we then have discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  In evaluating whether an alleged Rule 11 violation affects a defendant's substantial rights, we look to whether, in light of the entire record, there exists a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Even if the district court committed Rule 11 error by advising Ramon that he was subject to a 10-year mandatory minimum sentence, his guilty plea

is not subject to vacatur under plain error review because he has failed to show that, but for the Rule 11 error, there is a reasonable probability that he would not have pleaded guilty. *See United States v. Hughes*, 726 F.3d 656, 662 (5th Cir. 2013). At the time Ramon pled, it was not yet known what quantity of drugs would be attributable to him at sentencing, but he certainly knew that he had pleaded to participation in a conspiracy that involved 1,000 kilograms of marijuana, all of which could potentially be attributable to him. His argument that but for the alleged error he would not have pleaded guilty is not supported by the record.

Because examination of the record shows that Ramon's waiver of his right to appeal was knowing and voluntary, the appeal waiver is enforceable. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Therefore, we DISMISS the appeal.