**REVISED October 13, 2015**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50248
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICK G. MIRE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-62

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Patrick G. Mire was convicted of one count of conspiring to commit mail fraud and one count of conspiring to commit money laundering and was sentenced to serve 36 months in prison and a three-year term of supervised release. The district court also ordered him to pay $10,000,000 in restitution and ordered forfeiture of this same amount.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50248

Now, Mire argues that his conviction for conspiracy to launder money cannot stand because the factual basis offered in support of it is insufficient. Because Mire did not object in the district court to the sufficiency of the factual basis underlying his plea, plain error review applies. *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006); *United States v. Vonn*, 535 U.S. 55, 59 (2002).

To establish plain error, Mire must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To show that his substantial rights were affected, Mire must demonstrate "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). If Mire shows a clear or obvious error that infringed his substantial rights, we have the discretion to correct it but will do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (internal brackets, quotation marks and citation omitted). "Obtaining relief for Rule 11 violations on plain error review 'will be difficult to get, as it should be.'" *United States v. Hughes*, 726 F.3d 656, 660 (5th Cir. 2013) (quoting *Dominguez Benitez*, 542 U.S. at 83 n.9).

When using the plain error standard to determine if a factual basis is sufficient to uphold a plea, we may "look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012) (internal quotation marks and citation omitted). We may also make inferences from the facts contained in the record. *Id.*

Mire has not shown plain error in connection with his claim that the factual basis offered in support of his money laundering charge is insufficient to support it. The record facts suffice to permit the district court to conclude

No. 14-50248

that Mire knowingly and intentionally joined an agreement to launder money and thus provide a sufficient factual basis to uphold his money laundering conviction. *See* 18 U.S.C. § 1956(h); *Broussard*, 669 F.3d at 546. The record also undermines Mire's claim that plain error resulted when the district court neglected to advise him of the nature of the charge in accordance with Federal Rule of Criminal Procedure 11(b)(1)(G). Additionally, the record does not support a conclusion that Mire would have insisted on going to trial absent these alleged errors. *See Dominguez Benitez*, 542 U.S. at 83. Mire has not shown that his conviction for conspiring to launder money should be vacated.

Next, Mire argues that the Government breached the plea agreement with respect to its obligations concerning his restitution, thus permitting him to challenge this part of his sentence despite the appellate waiver clause in his plea agreement. Mire did not raise this claim in the district court. Although the record reflects that Mire quoted language in the plea agreement with respect to the government's agreement to recommend apportioned restitution, he never actually argued that the government breached the agreement. Instead, he simply made arguments urging the court to order a lesser amount of restitution, which does not preserve the separate claim of breach of plea agreement. Thus, we review the claim for plain error. *See United States v. Hebron*, 684 F.3d 554, 557-58 (5th Cir. 2012). Our review of the record controverts Mire's argument that the Government shirked its obligation to recommend that Mire's restitution be calculated according to his involvement in and enrichment from the underlying scheme. Accordingly, Mire's claim concerning a breach of his plea agreement is unavailing.

Despite his waiver of his appellate rights with respect to his sentence, Mire seeks to challenge his restitution order. He argues that he should be permitted to do so because the district court neglected to bring the waiver to

No. 14-50248

his attention at rearraignment in accordance with Federal Rule of Criminal Procedure 11(b)(1)(N). Because Mire's argument that his waiver should be vitiated is grounded in a Rule 11 omission, the plain error standard applies. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011); *United States v. Goodson*, 544 F.3d 529, 539 n.9 (5th Cir. 2008). He has not met this standard because he has not shown a reasonable probability that he would have declined to enter his plea absent the error. *See Oliver*, 630 F.3d at 412. Likewise unavailing are Mire's arguments that the waiver does not cover his restitution order because the order is not part of his sentence and because he is arguing that it is illegal. *See United States v. Keele*, 755 F.3d 752, 756-57 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1174 (2015). The waiver is valid and precludes consideration of Mire's challenge to his restitution order. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). We thus decline to consider this claim.

Finally, Mire argues, and the government agrees, that the forfeiture order in his judgment is invalid because the procedures outlined in Federal Rule of Criminal Procedure 32.2 were ignored. We agree. Accordingly, Mire's convictions and sentences, including the district court's restitution order, are AFFIRMED, and the order of forfeiture is REVERSED.