# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10427
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

ANDRES VICTORES,

> Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-146

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Andres Victores pleaded guilty, pursuant to a written plea agreement, to a one-count superseding information charging him with maintaining drug-involved premises, in violation of 21 U.S.C. § 856. That superseding information replaced Victores' indictment (charging conspiracy to possess, with intent to distribute, a controlled substance), which included, *inter alia*, a forfeiture notice for property located at 6236 Wanda Lane, Forest Hill, Texas.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10427

The conduct forming the basis for the superseding information occurred at 6705 Trailwood Drive, also in Forest Hill; however, neither the superseding information nor Victores' plea agreement contained any forfeiture allegations relating to that property.

The court sentenced Victores to, *inter alia*, 180 months' imprisonment. During the pendency of his criminal proceedings, the Government separately pursued a civil-forfeiture action against the Wanda Lane property, referenced in the superseded indictment. For the first time on appeal, Victores seeks to set aside his guilty plea pursuant to Federal Rule of Criminal Procedure 11, contending the court failed to advise him of the forfeiture consequences of his plea.

Normally, "[w]e review a district court's denial of a motion to withdraw a guilty plea . . . for abuse of discretion". *United States v. Hughes*, 726 F.3d 656, 659 (5th Cir. 2013). As Victores concedes, however, because he did not raise his Rule 11 assertion in district court, our review is only for plain error. *Id.* Under that standard, Victores must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of [the] proceedings". *Id.* To show his substantial rights were affected, in this instance, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Rule 11 provides, *inter alia*, that, prior to accepting a guilty plea, the court must inform the defendant of "any applicable forfeiture". Fed. R. Crim.

No. 14-10427

P. 11(b)(1)(J).  The Government asserts the court was not obligated to advise Victores about the Wanda Lane forfeiture, because it was an unrelated civil action that was not a consequence of his guilty plea.  Even assuming, *arguendo*, the court committed a clear-or-obvious error by failing to advise Victores of the forfeiture, he fails to show the error affected his substantial rights.  As noted by the district court, the Government filed a civil-forfeiture proceeding on 5 June 2013 against the Wanda Lane property.  On 10 June 2013, Victores was personally served with notice of the forfeiture complaint, and a default judgment was entered until 11 October 2013 against the property.  Victores did not enter his guilty plea on 30 October 2013.  Therefore, because he was aware of the civil forfeiture at the time he entered his plea, Victores cannot show that his substantial rights were affected.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.