# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50021
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEANGELO CORTEZ SWINDLE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CR-18-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Deangelo Cortez Swindle appeals the sentence imposed following his guilty plea conviction for aiding and abetting the knowing transportation of an individual across state lines for the purpose of prostitution. He maintains that the district court erred in imposing a five-level enhancement based on a finding that there were eight victims. In addition, he contends that the district court committed plain error by imposing a $5,000 special assessment under 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50021

U.S.C. § 3014(a) despite determining that he was indigent for purposes of assessing a fine. Swindle acknowledges that his written plea agreement includes a provision wherein he waived his right to appeal his sentence, but he argues that the waiver is not enforceable because he was not advised of the $5,000 special assessment and thus was not informed of the full range of punishment.

A defendant may waive his statutory right to appeal if (1) the waiver is knowing and voluntary, and (2) the waiver "applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). The record reflects that Swindle read and understood the plea agreement in general and the waiver provision in particular and that he understood the right that he was waiving. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). We review Swindle's assertion that the waiver provision is rendered involuntary because of a Federal Rule of Criminal Procedure 11 error, raised for the first time on appeal, for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002). Swindle has not shown that the failure to advise him of the possibility of a $5,000 special assessment affected his substantial rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. Hughes*, 726 F.3d 656, 662 (5th Cir. 2013).

Swindle offers no other challenge to the waiver's validity or to its application. Because the waiver bars his challenges to the sentence imposed, the appeal is DISMISSED.