# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 16, 2022

Lyle W. Cayce
Clerk

No. 19-20540

United States of America,

*Plaintiff—Appellee*,

*versus*

David Steve Elias,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-22-1

Before Richman, *Chief Judge*, and Costa and Ho, *Circuit Judges*.
Per Curiam:*

David Steve Elias pleaded guilty to two counts under 18 U.S.C. § 924(c). At his rearraignment, the district court advised Elias that he faced a thirty-two-year mandatory minimum sentence. Before his sentencing, however, Congress enacted the First Step Act of 2018 (FSA), lowering Elias's mandatory minimum sentence to fourteen years. Elias argues that the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20540

district court violated Federal Rule of Criminal Procedure 11 when it incorrectly advised him of his mandatory minimum sentence at his rearraignment, and he seeks to vacate his plea. We affirm.

**I**

Elias and an accomplice stole two vehicles in July 2017. Elias pistol whipped the first victim and instructed his accomplice to "grab [the victim's] shit." His accomplice then drove away in the victim's car. The next day, Elias and his accomplice stole a second victim's vehicle. Elias pointed a pistol at the victim, ordered him out of the car, and demanded everything he had. Elias then hit the victim in the head with his gun and left in the victim's vehicle. The police were able to track Elias's location using the victim's phone, which Elias had stolen. The police stopped him at a gas station, where Elias got out of the stolen vehicle and shot several rounds at the officers. The shots struck a police unit windshield, and one officer suffered severe injury from the broken glass.

A grand jury indicted Elias on four counts. The indictment included two counts of aiding and abetting carjacking in violation of 18 U.S.C. §§ 2119 and 2, and two counts of knowingly and intentionally brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Elias pleaded guilty in a written agreement to the two firearms charges. Under the agreement, Elias waived his right to appeal his conviction or sentence, reserving only the right to bring a claim for ineffective assistance of counsel. In exchange, the Government dismissed the carjacking charges and recommended a sentence reduction for acceptance of responsibility.

Elias was rearraigned in July 2018. At his rearraignment, the district court judge advised Elias of the applicable mandatory minimum sentence for the two § 924(c) firearms offenses. The court told Elias that they carried a

minimum total of thirty-two years of imprisonment: seven years for the first conviction, and an additional twenty-five years for the second. The court also explained that his appeal waiver meant that he would not be able to appeal his sentence. Elias confirmed that he understood.

Later that year, Congress enacted the FSA.[1] The FSA provides that the twenty-five-year mandatory minimum sentence for a repeat § 924(c) conviction is triggered only if the repeat conviction "occurs after a prior conviction under [§ 924(c)] has become final."[2] Congress applied the provision to defendants who are sentenced after the FSA's enactment, which included Elias.[3] Accordingly, Elias's mandatory minimum sentence for his two § 924(c) convictions dropped to fourteen years—seven years for each conviction. Elias's presentence report (PSR) was revised to reflect his reduced mandatory minimum sentence.

The Government requested an upward variance, arguing that Elias's plea deal originally contemplated a thirty-two-year minimum sentence. The Government stated that it would not have dismissed the two carjacking charges had it known that a new mandatory minimum of fourteen years would apply. Elias opposed the Government's request for an upward variance. He argued that the court should not rely on Elias's mandatory minimum sentence at the time of his plea agreement to justify an upward departure now that Congress changed the law.

The district court sentenced Elias to twenty-five years of imprisonment—150 months for each of his two § 924(c) convictions. At the sentencing hearing, the court observed that the parties had intended a thirty-

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[2] *Id.* § 403, 132 Stat. at 5222.

[3] *See id.*; *United States v. Gomez*, 960 F.3d 173, 176-77 (5th Cir. 2020).

two-year sentence in the plea agreement. The court based its upward variance on other grounds, but the plea agreement seemed to influence the court's decision to impose a twenty-five-year sentence. The court explained that its sentencing decision followed in part from the parties' agreement that Elias would receive a mandatory minimum sentence of thirty-two years. The court also sentenced Elias to concurrent three-year terms of supervised release. Elias appealed.

## II

This case presents three issues for review. First, we determine whether Elias's appeal waiver bars his Rule 11 claim. Second, we decide the appropriate standard for reviewing the claim. Third, applying this standard of review, we assess whether a Rule 11 error affected Elias's substantial rights.

## A

We start with the enforceability of Elias's appeal waiver. "This court reviews de novo whether an appeal waiver bars an appeal."[4] A defendant may waive his right to appeal, but that waiver must be "knowing and voluntary" and "appl[y] to the circumstances at hand, based on the plain language of the agreement."[5] Waivers, however, "cannot be enforced 'to bar a claim that the waiver itself—or the plea agreement of which it was a

---

[4] *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014).

[5] *United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014).

No. 19-20540

part—was unknowing or involuntary.'"[6]  Barring such a claim would lead to "impermissible boot-strapping."[7]

"Guilty pleas must be made intelligently and voluntarily because they involve the waiver of several constitutional rights."[8]  Federal Rule of Criminal Procedure 11 "ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea."[9]  Among those procedures, Rule 11 requires that "[b]efore the court accepts a plea of guilty . . . the court must inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading . . . [and] any mandatory minimum penalty."[10]

Elias argues that his decisions to waive his right to appeal and enter a guilty plea were both unknowing and involuntary because the district court violated Rule 11 when it incorrectly advised him of his mandatory minimum sentence.  Elias may seek a vacatur of his plea on the grounds that it was unknowing or involuntary, even if his appeal waiver was knowing and voluntary.[11]  For example, in *United States v. Carreon-Ibarra*,[12] a defendant claimed that he unknowingly and involuntarily entered his plea agreement because the district court incorrectly stated his mandatory minimum

---

[6] *United States v. Carreon-Ibarra*, 673 F.3d 358, 362 n.3 (5th Cir. 2012) (quoting *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002)).

[7] *White*, 307 F.3d at 343.

[8] *Carreon-Ibarra*, 673 F.3d at 364.

[9] *Id.* (quoting *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002)).

[10] Fed. R. Crim. P. 11(b)(1)(G), (I).

[11] *See Carreon-Ibarra*, 673 F.3d at 362 n.3.

[12] 673 F.3d 358.

sentence.[13]  The defendant had waived his right to appeal, but we refused to enforce that waiver because the defendant's claim was that his plea agreement was unknowing and involuntary.[14]  For the same reasons, Elias's appeal waiver does not bar his Rule 11 claim.

## B

We turn next to the standard of review.  Both parties agree that we should review Elias's claim for plain error, but "it is this court, and not the parties, that must determine the appropriate standard of review."[15]

Rule 11 violations are reviewed for either plain or harmless error.[16] "When a defendant objects at the district court level to the court's failure to comply with Rule 11 during the plea colloquy," we review for harmless error.[17]  The "objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction."[18]  If, however, a defendant raises his Rule 11 objection for the first time on appeal, we generally review for plain error.[19]

We have applied harmless error review in a handful of Rule 11 cases in which the defendant did not attempt to withdraw his guilty plea or object

---

[13] *Id.* at 362.

[14] *Id.* at 362 n.3.

[15] *United States v. Torres-Perez*, 777 F.3d 764, 766 (5th Cir. 2015).

[16] *United States v. Powell*, 354 F.3d 362, 367 (5th Cir. 2003).

[17] *Id.*

[18] *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

[19] *Powell*, 354 F.3d at 367; *see also United States v. Vonn*, 535 U.S. 55, 58-59 (2002) (holding that a defendant who does not object to a Rule 11 error in the district court is subject to the Rule 52(b) plain-error standard on appeal, even though Rule 11 does not have a provision stating that plain error review applies to claims not brought to the district court's attention).

under Rule 11 in the district court. In *Carreon-Ibarra*, the district court told the defendant that his § 924(c) offense for possession of a firearm carried a five-year mandatory minimum sentence.[20] In the written judgment, however, it became apparent for the first time that the court interpreted the defendant's plea agreement as admitting to possessing a machinegun, which carries a thirty-year mandatory minimum sentence.[21] We applied harmless error review because the defendant objected to being sentenced for the machinegun offense in response to the PSR and at his sentencing hearing.[22] It appeared to the defendant that the district court had sustained his objection, so he did not attempt to withdraw his guilty plea.[23] In applying harmless error review, we emphasized that the district court had "misled" the defendant about the machinegun offense by "repeatedly" telling him that it would "consider the full range up from five to life."[24]

Similarly, in *United States v. Barrow*,[25] an unpublished decision, we reviewed another Rule 11 claim for harmless error despite no attempt to withdraw a guilty plea and a failure to make a Rule 11 objection below.[26] The defendant pleaded guilty to a drug offense that carried a twenty-year mandatory minimum sentence.[27] In the "minutes or hours" before sentencing, the Supreme Court retroactively applied the Fair Sentencing Act

---

[20] *United States v. Carreon-Ibarra*, 673 F.3d 358, 360-61 (5th Cir. 2012).

[21] *Id.* at 360, 362.

[22] *Id.* at 363-64.

[23] *Id.*

[24] *Id.* at 363.

[25] 557 F. App'x 362 (5th Cir. 2014) (per curiam) (unpublished).

[26] *Id.* at 365.

[27] *Id.* at 363.

No. 19-20540

of 2010 to the defendant, lowering his mandatory minimum sentence to ten years.[28]    The defendant had previously objected to the PSR's recommendation of twenty years, arguing that the ten-year minimum should apply.[29] We concluded that a defendant who did not attempt to withdraw his guilty plea had nevertheless preserved a Rule 11 error by objecting to the PSR.[30] We reasoned that his objection "fairly encompassed the concept that he was misinformed [at his rearraignment], which is by definition a Rule 11 error that by its own terms can render a defendant's plea unknowing."[31]

Here, Elias had at least five months to withdraw his guilty plea but failed to do so, distinguishing this case from *Carreon-Ibarra* and *Barrow*. In *Carreon-Ibarra*, the defendant did not have an opportunity to withdraw his guilty plea because he did not receive notice that the district court would sentence him for the machinegun offense until the written judgment.[32] Likewise, in *Barrow*, we emphasized that the timing of events was "highly unusual."[33]    The district court learned "literally in the midst of the sentencing hearing" that a lower mandatory minimum sentence applied due to a Supreme Court decision released "only minutes or hours beforehand."[34] Here, however, Congress enacted the FSA in December 2018, and the Government provided Elias with notice of the new law in February 2019.

---

[28] *Id.* at 365; *see also* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

[29] *Barrow*, 557 F. App'x at 364.

[30] *Id.* at 365.

[31] *Id.* at 365 n.8.

[32] *United States v. Carreon-Ibarra*, 673 F.3d 358, 363-64 (5th Cir. 2012).

[33] *Barrow*, 557 F. App'x at 365.

[34] *Id.*

Over the next five months before Elias's July 2019 sentencing, Elias never attempted to withdraw his guilty plea.

Elias also failed to object under Rule 11 specifically. In *Carreon-Ibarra*, the defendant did not have a reason to object under Rule 11 at his sentencing hearing because he did not know that he was being sentenced for the machinegun offense.[35] We emphasized that the court "repeatedly assur[ed]" the defendant that it would consider sentences below the thirty-year mandatory minimum for the machinegun charge.[36] The Rule 11 error "was not revealed until after the end of the sentencing hearing when the court rendered its written judgment."[37] By contrast, here, the district court stated at sentencing that the parties intended a thirty-two-year sentence in their plea agreement. The court based its variance on other grounds, but it seems that the agreement influenced the court's decision to vary upwardly. Elias had notice at his sentencing hearing of the district court's Rule 11 error, unlike in *Carreon-Ibarra*.[38] Elias objected, but he did so under 18 U.S.C. § 3553, not Rule 11.

There are some similarities between this case and *Carreon-Ibarra* and *Barrow*, however, that provide support for harmless error review. Elias had no reason to object at his July 2018 rearraignment because the FSA had not yet been enacted. He also had no reason to object to his PSR because it correctly stated his mandatory minimum sentence as fourteen years. When his plea agreement to thirty-two years of imprisonment first became relevant, in the Government's upward variance motion, Elias opposed the motion. As

---

[35] *See Carreon-Ibarra*, 673 F.3d at 363.

[36] *Id.*

[37] *Id.*

[38] *See id.*

in *Barrow*, Elias objected by arguing that he was subject to a lower minimum sentence than what he was told at his rearraignment.[39] We reasoned in *Barrow* that this objection, even without mentioning Rule 11, "fairly encompasse[s] the concept that he was misinformed, which is by definition a Rule 11 error that by its own terms can render a defendant's plea unknowing."[40] Thus, by opposing the Government's motion on the basis that the FSA lowered his mandatory minimum sentence, Elias may have implicitly invoked Rule 11 below.[41]

Although Elias may have invoked Rule 11 by objecting to the Government's upward variance motion, he never attempted to withdraw his guilty plea despite having five months to do so. The lack of time to withdraw a guilty plea was key to our reasoning in *Carreon-Ibarra* and *Barrow*, distinguishing those cases. We therefore conclude that plain error review applies, and we turn to the merits of Elias's Rule 11 claim.

## C

Under plain error review, "[w]hen there was (1) an error below, that was (2) clear and obvious, and that (3) affected the defendant's substantial rights, a 'court of appeals has the discretion to correct it but no obligation to

---

[39] *See Barrow*, 557 F. App'x at 365 (objecting to a PSR, not an upward variance motion).

[40] *Id.* at 365 n.8.

[41] *See id.*; *see also United States v. Still*, 102 F.3d 118, 122 n.9 (5th Cir. 1996) (applying harmless error review because although the defendant "did not explicitly raise his Rule 11 argument in the district court and acknowledged at oral argument that the Rule 11 error was not recognized until after his pleas and sentencing, Still's attorney did bring the general issue of Still's understanding of the consequences of his pleas to the district court's attention").

do so.'"[42]  To establish that his substantial rights were affected, Elias has the burden "to show a reasonable probability that, but for the error, he would not have entered the plea."[43]  If he makes that showing, we exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."[44]

Here, nobody disputes that the district court violated Rule 11.  "A district court commits Rule 11 error when accepting a guilty plea if it fails to inform the defendant 'accurately of the proper minimum sentence' that will result from the plea."[45]  Even if a district court "correctly applied the law as it stood" at the time of a defendant's plea, the court's statements regarding a defendant's sentencing range may be "rendered erroneous by a subsequent change in the law."[46]  At Elias's rearraignment, the district court advised him that he would be subject to a thirty-two-year mandatory minimum sentence if he pleaded guilty to the two § 924(c) counts.[47]  Before his sentencing, Congress enacted the FSA, lowering his mandatory minimum sentence to fourteen years.[48]  Because the FSA rendered the district court's stated minimum sentence inaccurate, there was a Rule 11 violation.

---

[42] *United States v. Hughes*, 726 F.3d 656, 659 (5th Cir. 2013) (emphasis omitted) (quoting *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010)).

[43] *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

[44] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

[45] *United States v. Carreon-Ibarra*, 673 F.3d 358, 364 (5th Cir. 2012) (quoting *United States v. Williams*, 277 F. App'x 365, 367 (5th Cir. 2008) (per curiam) (unpublished)).

[46] *Hughes*, 726 F.3d at 661.

[47] *See* 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(C)(i) (2006).

[48] *See* Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221-22 (2018).

Given the plain Rule 11 violation, the issue is whether that error affected Elias's substantial rights. Elias likely failed to meet his burden to show a reasonable probability that but for the district court's Rule 11 error, he would not have entered into his plea agreement. In the summary portion of his brief, Elias "contends that the District Court's error materially affected his decision to plead guilty." He fails, however, to provide any support for this assertion. In *United States v. Hughes*,[49] we concluded that a defendant failed to show that a Rule 11 error affected his decision to plead guilty.[50] The defendant did not "direct this court to any portion of the record supporting the proposition that the maximum sentence [he faced] affected his plea decision."[51] Similarly, here, Elias presented no record evidence linking his decision to plead guilty to his thirty-two-year mandatory minimum sentence. In fact, Elias's failure to seek to withdraw his guilty plea after learning of the changed minimum undermines any notion that the minimum sentence influenced his decision to plea. We therefore conclude that the Rule 11 error did not affect Elias's substantial rights.

\* \* \*

Elias's conviction and sentence are AFFIRMED.

---

[49] 726 F.3d 656.

[50] *Id.* at 662.

[51] *Id.* (alteration in original) (quoting *United States v. Molina*, 469 F.3d 408, 412 (5th Cir. 2006)).